244

The PEOPLE of the State of
Colorado, Complainant,

v.

Andre Keith SILVOLA, Attorney–
Respondent.

No. 94SA435.

Supreme Court of Colorado,
En Banc.

Jan. 17, 1995.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Michael D. Gross, Colorado Springs, for attorney-respondent.

PER CURIAM.

This is a lawyer disciplinary proceeding. The respondent and the assistant disciplinary counsel executed a stipulation, agreement, and conditional admission of misconduct, *see* C.R.C.P. 241.18, and recommended the imposition of a public censure. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation, with the recommendation that the respondent be publicly censured. We accept the stipulation and the recommendation of the inquiry panel.

I

According to the stipulation, the respondent represented his nephew on two felony theft charges, arising from the alleged theft of certain property belonging to a corporation. The respondent's client was charged with taking the property when he was doing consulting work for the corporation. The client's defense was that the corporation owed him for the consulting work, and he therefore had a lien on the property.

The respondent intended to hire two experts for the defense: a certified public accountant to testify that his client was owed money by the corporation; and a lawyer to attest to the validity of the liens asserted by the client. However, the respondent failed to comply with Crim.P. 16, and did not provide copies of any expert reports to the deputy district attorney thirty days prior to trial. On the second day of trial, the deputy district attorney informed the trial court that he had obtained the draft of an opinion by the respondent's lawyer expert which indicated that the respondent's client had a lien on only part of the property taken, and that he had not received a report from the accounting expert. The trial court granted the deputy district attorney's motion for a mistrial based on the respondent's failure to comply with Crim.P. 16 and his failure to associate with a competent attorney. The respondent subsequently withdrew from the case.

The respondent has admitted that he delayed hiring the experts for the case, neglected to familiarize himself and comply with the criminal discovery rules, inadequately prepared for trial, and proceeded to trial without knowing whether his own experts' testimony would support his client's defense. The respondent conceded that his conduct violated DR 1–102(A)(5) (a lawyer shall not engage in

conduct prejudicial to the administration of justice); DR 6–101(A)(1) (a lawyer shall not handle a legal matter which the lawyer is not competent to handle, without associating with a lawyer who is competent to handle it); DR 6–101(A)(2) (a lawyer shall not handle a legal matter entrusted to the lawyer without adequate preparation under the circumstances); and DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer).

Moreover, prior to the criminal trial, the respondent filed a civil action on behalf of his client against several officers, directors, and employees of the corporation, other outside consultants, and several police officers in their individual capacities who had executed the search warrant which resulted in the recovery of most of the corporation's missing property. During the course of the criminal proceedings, the respondent made an offer to the deputy district attorney assigned to the case to dismiss the civil action against the police officers in their individual capacities if the criminal charges against his client were dismissed. The respondent and the assistant disciplinary counsel have stipulated that the foregoing conduct violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice).

## II

In approving the stipulation, the inquiry panel unanimously recommended that the respondent be publicly censured. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), provides that in the absence of aggravating or mitigating factors, public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." ABA *Standards* 4.43. Further, public censure is generally appropriate when a lawyer:

    (a) demonstrates failure to understand relevant legal doctrines or procedures and causes injury or potential injury to a client; or

    (b) is negligent in determining whether he or she is competent to handle a legal mat-

ter and causes injury or potential injury to a client.

*Id.* at 4.53. We note that the respondent received an admonition in 1990 for neglect of another legal matter, which is an aggravating factor. *Id.* at 9.22(a). In mitigation, the assistant disciplinary counsel states that the respondent's "misconduct was not, in any way, dishonest or caused by a selfish motive and respondent did cooperate freely with the disciplinary prosecutor." *See id.* at 9.32(b), (e). Considering the misconduct together with the factors in mitigation and the prior discipline, we conclude that a public censure is appropriate. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel. Some members of the court, however, would have rejected the stipulation because the recommended sanction is too lenient.

## III

It is hereby ordered that Andre Keith Silvola be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $54.43 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.