The PEOPLE of the State of
Colorado, Complainant,

v.

Andre Keith SILVOLA, Attorney–
Respondent.

No. 96SA41.

Supreme Court of Colorado,
En Banc.

April 15, 1996.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Andre Keith Silvola, Colorado Springs, pro se.

## PER CURIAM.

A hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that the respondent be suspended for one year and one day, with special conditions for reinstatement. Neither the respondent nor the assistant disciplinary counsel has excepted to the panel's recommendations. We accept the hearing panel's recommendations and order that the respondent be suspended from the practice of law for one year and one day with certain conditions for reinstatement.

### I.

The respondent was admitted to practice law in Colorado in 1984. Because the respondent failed to comply with the orders of the hearing board, the assistant disciplinary counsel asked for the imposition of sanctions against him. As a result of the respondent's failure to comply, the factual allegations of the formal complaint were deemed admitted pursuant to the board's order of sanctions. *See* C.R.C.P. 37(b); *People v. Robertson,* 908 P.2d 96, 97 (Colo.1995). At the beginning of the hearing on November 14, 1995, the respondent moved for a continuance on the ground that he needed more time to prepare evidence in mitigation. The board concluded that the respondent had been given ample notice and opportunity to prepare a case in mitigation, so the motion was denied. The respondent has not excepted to any of the board's or panel's actions.

Based on the factual allegations in the complaint, the exhibits introduced into evidence, and the respondent's evidence of mitigation, the board found that the following had been established by clear and convincing evidence.

■ ·The respondent represented Thanh K. Chu in a matter arising from an automobile accident. Mr. Chu resides in Aurora and operates a Chinese restaurant in Denver.

In November 1989, he purchased restaurant equipment from a Mr. Chaing.

On November 29, 1989, Mr. Chaing was involved in an automobile accident in Colorado Springs with Krste Malikovska. The latter sustained personal injuries and property damage. Mr. Chaing identified himself to a police officer as Mr. Chu, and indicated that he did not have insurance. At the time of the accident, Mr. Chu was in fact meeting with a lawyer in Boulder.

On May 30, 1990, Mr. Malikovska's insurance company filed an action against Mr. Chu, as the alleged driver of the vehicle, and Mr. Chaing, as the owner. A private process server filed a return of service claiming that he served a copy of the complaint on May 20, 1990, on Mr. Chu's wife at an unspecified location in El Paso County. Mrs. Chu denies that she has ever been to El Paso County, and the hearing board found that it has not been established that she was actually served with a copy of the complaint.

Meanwhile, Mr. Chaing retained the respondent to represent Mr. Chu, misrepresenting that the latter was his employee and had been driving Mr. Chaing's vehicle when the accident occurred. Mr. Chaing provided the respondent with a copy of the complaint filed by the insurer, noting that he had not been served. The board determined that Mr. Chaing was never served and subsequently disappeared. Mr. Chaing promised the respondent that he would arrange a personal meeting with Mr. Chu and offered to relay messages from the respondent to Mr. Chu. The promised meeting did not occur, however.

On June 11, 1990, the respondent filed an answer and counterclaim purportedly on behalf of Mr. Chu. The counterclaim asserted that Mr. Chu had suffered physical injuries as a result of the accident. Prior to filing the answer and counterclaim, however, the respondent had never met or even spoken with Mr. Chu.

On September 12, 1990, the lawyer for the insurer served the respondent with discovery requests for Mr. Chu. The respondent told the lawyer that the discovery responses were

being put together, but they were never forthcoming. The respondent also did not make any definite response to the lawyer's settlement overtures. The lawyer for the insurer therefore filed a motion for sanctions on March 19, 1991, because of the respondent's failure to comply with the discovery requests. A default was subsequently entered against Mr. Chu as a sanction. On October 23, 1991, the insurer filed a motion for entry of judgment in the amount of approximately $50,000.

The respondent finally came to Denver in November 1991 to try to locate Mr. Chu. He spoke with Mr. Chu for the first time on November 3, and only then did Mr. Chu discover that he was alleged to have been in an accident, and that he faced a substantial judgment against him in the action filed by the insurer. After checking his records, Mr. Chu told the respondent that at the time of the accident, he was at his Boulder lawyer's office.

The respondent did not advise Mr. Chu that a default had been entered against him in April 1991, or that a motion for a default judgment was pending. He did file a motion to dismiss and to set aside the default on November 5, 1991, asserting only that Mr. Chu had not been involved in the accident and that Mr. Chu's name had been wrongly used by another. The court denied the motion.

The respondent then filed a motion to withdraw on November 26, 1991, admitting that he had never actually been retained by Mr. Chu. The motion notified Mr. Chu that "responses and affidavits to motions of the plaintiff" were due the next day, November 27, 1991. In fact, Mr. Chu's responses had been due on November 7, 1991.

The respondent's motion to withdraw was granted on December 17, 1991. Three days later, a default judgment was entered against Mr. Chu for the full amount of the insurer's claim. Nevertheless, the respondent wrote to Mr. Chu on December 27, 1991, enclosing the order permitting withdrawal, and urging Mr. Chu to hire counsel regarding an "impending default judgment." The respondent did file a one-paragraph motion to reconsider

as a friend of the court on January 19, 1992, which was denied.

In 1993, Mr. Chu retained a law firm to represent him. The firm filed an independent equitable action in district court to reverse the judgment. The case was settled in 1994, with the insurer agreeing that a judgment would enter against Mr. Chu, but would be deemed satisfied. The insurer would then be assigned an interest in any recovery by Mr. Chu against the respondent in a legal malpractice action.

In summary, the respondent "represented" Mr. Chu for a period of about nineteen months without that person's knowledge or consent, even asserting a counterclaim on Mr. Chu's behalf without talking to him. He did not communicate with Mr. Chu in any manner over an extended period of time, and then did not withdraw within a reasonable time after he was unable to contact Mr. Chu. In addition, the respondent's failure to answer discovery requests resulted in the entries of a default and then a default judgment against Mr. Chu. The respondent took directions pertaining to his "representation" of Mr. Chu from a third party, Mr. Chaing. He also misrepresented the status of the case to Mr. Chu when they met for the first time in November 1991, in his motion to withdraw, and in his letter notifying Mr. Chu of his withdrawal.

As the hearing board concluded, the foregoing conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law); DR 2–110(B)(2) (a lawyer shall withdraw from employment if the lawyer knows or it is obvious that continued employment will violate a disciplinary rule); DR 5–107(B) (a lawyer shall not permit a person who recommends, employs, or pays him to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services); DR 6–101(A)(2) (a lawyer shall not handle a legal matter entrusted to the lawyer without ade-

quate preparation under the circumstances); and DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer).

## II.

The hearing panel approved the hearing board's factual findings and conclusions, and its recommendations that the respondent be suspended for one year and one day, and be required to satisfy certain additional conditions for reinstatement. The respondent has not filed an exception to the panel's actions.

■ The respondent's misconduct occurred over an extended period of time and must therefore be deemed to be willful. *E.g., People v. Bradley,* 825 P.2d 475, 476–77 (Colo.1992) (lawyer's inaction over a period of two years deemed willful misconduct); *People v. Williams,* 824 P.2d 813, 814 (Colo.1992) (continued and chronic neglect over extended periods of time must be considered willful); *People v. May,* 745 P.2d 218, 220 (Colo.1987) (same).

Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards* ), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42. Suspension is also "generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client." *Id.* at 4.62.

The board found that the respondent has been previously disciplined, which is an aggravating factor. *Id.* at 9.22(a). The respondent received an admonition in 1990 and an admonition in 1995, both for neglect of legal matters. He was publicly censured in 1995 for incompetence, inadequate preparation, and neglect. *People v. Silvola,* 888 P.2d 244 (Colo.1995). Insofar as any of the misconduct involved in the prior discipline occurred during the same time period, or after, the misconduct in this case, it is more properly considered as a pattern of misconduct. *See*

ABA *Standards* 9.22(c); *People v. Williams,* 845 P.2d 1150, 1152 n. 3 (Colo.1993).

Additional aggravating factors include the presence of a dishonest or selfish motive, ABA *Standards* 9.22(b); multiple offenses, *id.* at 9.22(d); bad faith obstruction of the disciplinary process by intentionally failing to comply with the hearing board's orders, *id.* at 9.22(e); the respondent's refusal to acknowledge the wrongful nature of his conduct, *id.* at 9.22(g); the vulnerability of the victim, *id.* at 9.22(h); and indifference to making restitution, *id.* at 9.22(j).

The respondent's mitigating evidence was limited to his own testimony. The board concluded that the respondent was dishonest with Mr. Chu, that he did not make a timely good faith effort to rectify the consequences of his misconduct, and that he was not remorseful for his misconduct. *Cf. id.* at 9.32(a), (d), (*l* ). The board also found that there was nothing in the other areas of the respondent's life to indicate that he suffered from disabling depression as he claimed. *Cf. id.* at 9.32(c), (i). The board therefore determined that there were no factors in mitigation.

The respondent's negligence and misrepresentations were serious, occurred over a long period of time, and resulted in harm to Mr. Chu. Accordingly, we agree that a suspension for one year and one day, together with certain additional conditions for reinstatement, is warranted, and we accept the panel's recommendations. *See People v. Pittam,* 889 P.2d 678, 680 (Colo.1995) (neglect in conjunction with misrepresentations to client that the lawyer has taken actions on behalf of the client, together with prior disciplinary record, warrants suspension for one year and one day). At least one member of the court, however, would have imposed more severe discipline.

## III.

Accordingly, it is hereby ordered that Andre Keith Silvola be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that, prior to reinstatement and

as conditions of reinstatement, the respondent:

(1) establish that he has consulted with a licensed mental health or medical professional and that he is mentally, physically, and emotionally fit to practice law; and

(2) submit a plan through which the management of his clients' legal matters and his professional progress will be monitored by another lawyer after reinstatement. Any such plan should permit the respondent to apply to the grievance committee for termination of monitoring upon a showing that it is no longer necessary.

The respondent is further ordered to pay the costs of this proceeding in the amount of $132.36 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202. The respondent shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)–(d).