The PEOPLE of the State of
Colorado, Complainant,

v.

Thomas Glenn PROCTOR,
Attorney–Respondent.

No. 96SA197.

Supreme Court of Colorado,
En Banc.

Aug. 19, 1996.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Thomas Glenn Proctor, Fort Morgan, pro se.

PER CURIAM.

The respondent in this lawyer discipline proceeding entered into a stipulation, agreement and conditional admission of misconduct with the assistant disciplinary counsel. C.R.C.P. 241.18. The conditional admission requested that discipline in the range of a public censure to a six-month suspension be imposed. An inquiry panel of the supreme court grievance committee approved the conditional admission, and recommended a six-month suspension. We accept the conditional admission and the inquiry panel's recommendation.

I

The respondent was admitted to practice law in Colorado in 1980. The conditional admission states that on March 21, 1989, the respondent was appointed to represent Garald Goranson who was charged with sexual assault on a child. This was the first sexual assault case the respondent handled.

A trial to court commenced on July 9, 1990. The respondent had advised his client that he could not receive a fair trial before a jury, but he did not tell his client that they could move for a change of venue, nor did the respondent have a good understanding of how to move to change venue.

Prior to trial, the respondent did not use information he possessed which tended to refute the opinion of the prosecution's expert that the victim had been sexually penetrated. He did not interview a physician who had examined the child shortly after the alleged assault and who did not find signs of penetration. Moreover, the respondent did not consult with experts regarding the medical evidence or a social services interview with the victim. He did not follow up on his request for a medical examination of the victim. The respondent did not know whether the trial court would have paid for a defense expert or not. Nor did he use an investigator on the case or ask the court to appoint one. He did not review certain audio and videotapes which were prospective evidence. He was unfamiliar with the caselaw regarding opinion testimony on the truthfulness of a child's allegation of sexual assault. Nor did he file a motion asking for a pretrial hearing on the admission of hearsay statements.

The defendant was convicted of one count of sexual assault on a child. At the sentencing hearing on October 2, 1990, the respondent called only two witnesses, his client's wife and daughter. He was unfamiliar with sex offender sentencing proceedings and failed to seek either legal or medical assistance for his client. His failure to obtain a psychiatric examination for his client and his unfamiliarity with the prosecution's psychiatric reports caused the respondent to ineffectively cross-examine the prosecution's witnesses. The respondent's client was sentenced on the day of the hearing to an indeterminate term of one day to life. The respondent did not file a notice of appeal.

On March 26, 1992, another lawyer was appointed for Goranson's postconviction and appellate matters. The new lawyer filed a Crim. P. 35(c) motion based in part on allegations of the respondent's ineffective assistance as counsel. On February 10, 1994, the trial court concluded that the respondent was ineffective at the sentencing phase of the trial because of his unfamiliarity with sex offender proceedings, his failure to obtain a psychiatric evaluation of his client, and ineffective cross-examination of the prosecution's witnesses. The trial court therefore vacated the sex offender commitment and resentenced Goranson to eight years in the department of corrections with credit for time served. On appeal, the court of appeals reversed the judgment of conviction and remanded to the trial court with instructions to order a new trial. *People v. Goranson*, No. 94CA0277, slip op. at 10 (Colo.App. May 11, 1995) (not selected for official publication), *cert. denied*, No. 95SC453 (Colo. Jan. 8, 1996). The court of appeals concluded that the respondent provided ineffective assistance of counsel at the guilt or innocence phase of the trial because of his failure to investigate and consult with experts. *Id.* at 7, 9.

The respondent admitted that his conduct violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 6–101(A)(1) (a lawyer shall not handle a legal matter which the lawyer is not competent to handle, without associating with a lawyer who is competent to handle it); DR 6–101(A)(2) (a lawyer shall not handle a legal matter entrusted to the lawyer without adequate preparation under the circumstances); and DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer).

II

In the conditional admission, the parties consented to discipline in the range of a public censure to a six-month suspension. The inquiry panel approved the conditional admission, and recommended that the respondent be suspended for six months. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when a lawyer engages in an area of practice in which the lawyer knows he or she is not competent, and causes injury or potential injury to a client." *Id.* at 4.52. Moreover, "[s]uspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42. On the other hand, a public censure

> is generally appropriate when a lawyer:
>
> (a) demonstrates failure to understand relevant legal doctrines or procedures and causes injury or potential injury to a client; or
>
> (b) is negligent in determining whether he or she is competent to handle a legal matter and causes injury or potential injury to a client.

*Id.* at 4.53. Public censure is also warranted "when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *Id.* at 4.43.

The respondent has no prior discipline which is a mitigating factor. *Id.* at 9.32(a). In addition, the conditional admission states that the respondent submitted to an independent psychiatric examination in November 1995, which disclosed that when he was eight years old, he had been involved in a sexual

episode involving a cousin. The event did not involve any threats or coercion and was not repeated. It involved a discussion of masturbation and perhaps one-time experimentation. In the medical report, the examining physician stated that the respondent may have suffered symptoms of emotional distress during his representation of Goranson attributable to this childhood incident. *See id.* at 9.32(c) (personal or emotional problems can be a mitigating factor). However, the examining physician concluded that no ongoing and current disability existed and no restriction on the respondent's representation of clients involved in sexual assault matters in the future was necessary. Under the circumstances, mitigation under ABA *Standards* 9.32(c) is not indicated here.

The respondent's incompetence and neglect over a considerable period of time caused significant injury both to the individuals involved and to the legal system. His client was convicted and incarcerated with a potential life sentence. A new trial may be necessary, even though over five years have elapsed since the first trial. We conclude that at a period of suspension is therefore appropriate.

### III

Accordingly, it is hereby ordered that Thomas Glenn Proctor be suspended from the practice of law for six months, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is also ordered that the respondent pay the costs of this proceeding in the amount of $583.85 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202.