**The PEOPLE of the State of Colorado, Complainant,**

v.

**Andre Keith SILVOLA, Attorney–Respondent.**

**No. 97SA19.**

Supreme Court of Colorado, En Banc.

March 10, 1997.

Linda Donnelly, Disciplinary Counsel and James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Andre Keith Silvola, Colorado Springs, Pro Se.

PER CURIAM.

The respondent in this lawyer discipline case was suspended for one year and one day in 1996 and remains suspended under that order. *See People v. Silvola,* 915 P.2d 1281 (Colo.1996). The respondent and the assistant disciplinary counsel executed a stipulation, agreement, and conditional admission of misconduct, C.R.C.P. 241.18, in which the respondent agreed to an extension of his current suspension for another year. An inquiry panel of the supreme court grievance committee approved the conditional admission and the recommendation of discipline. We accept the conditional admission.

I

The respondent was admitted to the practice of law in this state in 1984. The conditional admission states that in June 1994, Gordon Hunsacker was indicted by a Jefferson County grand jury on securities fraud charges involving a failed casino venture and several real estate transactions. Hunsacker was initially represented by the public defender's office, but on April 4, 1995, Hunsacker hired the respondent to represent him. The lawyer-client retainer agreement provided that Hunsacker would pay the respondent $2,000 for entering his appearance. The agreement also stated that Hunsacker acknowledged that he would sign a promissory note in the amount of $30,000 "which shall be payable to the order of the [the respondent] as there always exists a potential situation in which the Court would let [sic] the undersigned [the respondent] withdraw at a later date." Moreover, the agreement indicated that the parties contemplated that by the end of April 1995 Hunsacker would seek and retain other counsel, and that the client "has been advised by [the respondent] of reasons that [the respondent] cannot represent Client through this trial." The thirty-thousand dollars was to be delivered to the respondent no later than April 30, 1995 "for retaining replacement counsel," and Hunsacker "acknowledge[d] the urgency" to retain another lawyer for the actual trial. In addition, the respondent was to "explore for Client any and all potential plea agreements for Client including and especially if Client is able to pay the complaining investors back the money invested by them."

The respondent entered his appearance on behalf of Hunsacker on April 6, 1995, and filed a motion for continuance which the court granted with the understanding that no more continuances would be granted in order to change attorneys. The trial was reset for August 14, 1995. Hunsacker failed to pay the respondent any further money, but the respondent did not attempt to withdraw.

The respondent and the deputy district attorney appeared in court on August 10, 1995, and the respondent informed the court that he had done virtually no work preparing for the Hunsacker case and trial. The court found that proceeding to trial as scheduled would violate Hunsacker's constitutional

right to the effective assistance of counsel, and the trial was continued to September 25, 1995.

On September 25, 1995, the respondent and the deputy district attorney again appeared before the court. Hunsacker did not appear and became a fugitive. He later wrote a letter to the court expressing his opinion that the respondent was wholly unprepared for the trial. The respondent has conceded that he had not interviewed any witnesses for the trial, but otherwise felt prepared for trial. In any event, Hunsacker surrendered in November 1995 and received representation from the public defender's office. Hunsacker pleaded guilty to all counts of the indictment and in February 1996 was sentenced to four years in the department of corrections.

The respondent admits that his conduct violated R.P.C. 1.3 (neglecting a legal matter), and R.P.C. 8.4(d) (engaging in conduct that is prejudicial to the administration of justice).

## II

The parties agree that a one-year extension to the respondent's current suspension is appropriate. The inquiry panel agreed, and so do we. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42. *See People v. Proctor*, 922 P.2d 931, 932–33 (Colo.1996) (neglecting and handling sexual assault criminal case that the lawyer was not competent to handle warranted suspension for six months).

The most serious aggravating factor is the respondent's prior discipline. *See id.* at 9.22(a) (previous discipline is an aggravating factor). He has received two letters of admonition in unrelated matters, a public censure in 1995, *see People v. Silvola*, 888 P.2d 244 (Colo.1995), and is presently under a suspension for one year and one day, *People v. Silvola*, 915 P.2d 1281 (Colo.1996). The respondent's 1995 discipline was for neglecting legal matters or incompetence. In the 1996 proceeding, the respondent also engaged in neglect or incompetence and attempted to represent an individual without that person's knowledge or consent. 915 P.2d at 1283.

Because the respondent's misconduct in this case occurred prior to his suspension in 1996 for one year and one day, we conclude that a one-year extension of suspension is appropriate, rather than disbarment. *Cf. People v. Bottinelli*, 926 P.2d 553, 558–59 (Colo.1996) (following reinstatement, lawyer engaged in same type of misconduct for which he was previously suspended, and was disbarred).

We therefore accept the conditional admission and the inquiry panel's recommendation. The effective date of the respondent's 1996 suspension was May 15, 1996. The earliest date the respondent could have been reinstated was therefore May 16, 1997. Extending the respondent's suspension by an additional one year means that the earliest date that he may be reinstated is now May 16, 1998.

## III

Accordingly, it is hereby ordered that Andre Keith Silvola may not be reinstated prior to May 16, 1998. It is further ordered that, prior to reinstatement and as conditions of reinstatement, the respondent:

(1) establish that he has consulted with a licensed mental health or medical professional and that he is mentally, physically, and emotionally fit to practice law; and

(2) submit a plan through which the management of his clients' legal matters and his professional progress will be monitored by another lawyer after reinstatement. Any such plan should permit the respondent to

apply to the grievance committee for termination of monitoring upon a showing that it is no longer necessary.

It is further ordered that the respondent pay the costs of this proceeding in the amount of $47.98 within thirty days after the announcement of this opinion, to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.