**The PEOPLE of the State of Colorado, Complainant,**

v.

**Victor John BARBIERI, Attorney–Respondent.**

**No. 97SA68.**

Supreme Court of Colorado, En Banc.

March 31, 1997.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Gary M. Jackson, Denver, for Attorney–Respondent.

**PER CURIAM.**

The assistant disciplinary counsel and the respondent in this lawyer discipline case executed a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the supreme court grievance committee approved the conditional admission with the recommendation that the respondent be publicly censured. We accept the conditional admission and the panel's recommendation.

I

The respondent was admitted to the practice of law in this state in 1977. The conditional admission recites that the respondent represented Karen Boggs in a dissolution of marriage matter in 1981. The permanent orders provided that Boggs's ex-husband was to pay one-half of the medical expenses incurred by their two children. Boggs hired the respondent again in February 1994 to obtain reimbursement for medical expenses which her former husband had not paid. The respondent advised Boggs that it would take about a year to get the matter resolved, and she paid him $500.

After February 1994, Boggs did not hear anything from the respondent until February 1995 when the respondent admitted to her that he had not done any work on her case. He promised her that he would take action at that time, and promised her the same thing in July 1995. On July 14, 1995, the respondent filed a motion to modify child support in the district court. However, child support was not an issue in the Boggs matter. Rather, Boggs had reengaged respondent to obtain the medical expense reimbursement.

Boggs filed the request for investigation in this discipline case on October 19, 1995. On February 1, 1996, the respondent refunded the $500 Boggs had paid him. Nevertheless, he remained Boggs's counsel of record in the case and on April 9, 1996, judgment was entered in favor of Boggs against her ex-husband in the amount of $3,953.80. The judgment has not been satisfied.

The respondent stipulated that the foregoing conduct violated R.P.C. 1.3 (neglecting a

legal matter), and R.P.C. 1.4(a) (failing to keep a client reasonably informed about the status of a matter).

## II

The inquiry panel approved the conditional admission, including the recommendation that the respondent receive a public censure.

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of aggravating or mitigating factors, public censure is an appropriate sanction when "a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." ABA *Standards* 4.43. On the other hand, suspension is generally appropriate when "a lawyer *knowingly* fails to perform services for a client and causes injury or potential injury to a client. . . ." *Id.* at 4.42(a) (emphasis added). The extent and duration of the respondent's inaction and neglect could well be considered willful misconduct. *See People v. Silvola*, 915 P.2d 1281, 1284 (Colo.1996).

The most significant aggravating factor is the respondent's pattern of neglecting legal matters during approximately the same time period as in the Boggs case. *See id.* at 9.22(c). The respondent received four letters of admonition between 1992 and 1995 for neglect and for failing to communicate with his clients. In mitigation, the parties stipulated that the respondent did not have a dishonest or selfish motive at the time of the misconduct, *see id.* at 9.32(b); the respondent was experiencing personal or emotional problems in the form of a major depressive disorder, *see id.* at 9.32(c); respondent has made a timely effort to rectify the consequences of the misconduct by seeking therapy and treatment for his disorder, *see id.* at 9.32(d); respondent has displayed a cooperative attitude toward these proceedings, *see id.* at 9.32(e); respondent has an otherwise good character or reputation, *see id.* at 9.32(g); and respondent has expressed remorse, *see id.* at 9.32(*l* ).

While the seriousness of the misconduct in this case in conjunction with the respondent's pattern of neglecting other legal matters would ordinarily warrant a more severe sanction, the mitigating factors together with the special conditions that the respondent has agreed to satisfy persuade us that a public censure is adequate and appropriate.

## III

Accordingly, we accept the conditional admission and the inquiry panel's recommendation. The respondent is ordered to comply with the following special conditions:

(a) The respondent shall continue with all therapy and medication programs as prescribed until he has been discharged by Dr. Spencer Friedman and any other therapist.

(b) The respondent shall cause Dr. Friedman, as agreed, to immediately disclose to the Office of Disciplinary Counsel, 600 17th Street, Suite 510–South, Denver, Colorado 80202, any adverse data which in any fashion might affect the respondent's ability to practice law and to immediately disclose any violation of any of these conditions imposed including any failure by the respondent to cooperate and comply with Dr. Friedman's directions.

(c) The respondent shall prepare and execute a written authorization to release all therapy information throughout the remainder of his therapy, and deliver the same forthwith to Dr. Friedman.

(d) The respondent agrees that failure to comply with these special conditions shall be cause for immediate suspension of his license, pursuant to the procedure of C.R.C.P. 241.8, in addition to those causes listed in that rule.

Victor John Barbieri is hereby publicly censured, and is ordered to pay the costs of this proceeding in the amount of $317.94 within thirty days to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202.