**The PEOPLE of the State of Colorado, Petitioner,**

v.

**John A. SCRUGGS, Respondent.**

**No. 01PDJ052.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

July 30, 2002.

Attorney Regulation.  The Hearing Board disbarred Respondent John A. Scruggs, attorney registration number 18977, from the practice of law following a trial in this default proceeding.  The Hearing Board found that respondent knowingly converted clients' funds in two separate matters, and abandoned representation of his clients in two matters, warranting disbarment.  In addition to knowing conversion and abandonment, the Hearing Board found numerous

other rule violations arising from respondent's representation of eight separate clients. Respondent was ordered to pay restitution and the costs of the disciplinary proceeding.

Opinion by Presiding Disciplinary JUDGE ROGER L. KEITHLEY and Hearing Board members, SHERRY A. CALOIA and E. STEVEN EZELL, both members of the bar.

## REPORT, DECISION AND IMPOSITION OF SANCTION

*SANCTION IMPOSED:* ATTORNEY DISBARRED

A sanctions hearing pursuant to C.R.C.P. 251.15 was held on June 27, 2002, before the Hearing Board consisting of the Presiding Disciplinary Judge ("PDJ") and two hearing board members, Sherry A. Caloia and E. Steven Ezell, both members of the bar. Nancy L. Cohen, Deputy Attorney Regulation Counsel, represented the People of the State of Colorado (the "People"). John A. Scruggs ("Scruggs"), the respondent, did not appear either in person or by counsel.

The People filed a Complaint in this matter on October 3, 2001. The Citation and Complaint were sent via regular and certified mail to the respondent on the same date. The People filed a proof of service on October 30, 2001 and an amended proof of service on November 23, 2001. The Amended Proof of Service shows that the Citation and Complaint were received at Scruggs's registered business address. Respondent failed to file an Answer or otherwise respond to the Complaint.

On January 8, 2002, the People moved for default on the claims set forth in the Complaint, and on March 5, 2002, the PDJ granted the motion as to the facts set forth in the Complaint, which were deemed admitted, and as to the claims set forth in the Complaint with the exception of the alleged violations of Colo. RPC 1.16(d) in claims four and eight. On April 12, 2002, the PDJ issued an order dismissing those claims.

At the sanctions hearing, exhibits 1 through 3 were offered by the People and admitted into evidence. The Hearing Board considered the People's argument, the facts established by the entry of default, the exhibits admitted, and made the following findings of fact which were established by clear and convincing evidence.

## I. FINDINGS OF FACT

John A. Scruggs has taken and subscribed to the oath of admission, was admitted to the bar of the Supreme Court on October 25, 1989 and is registered upon the official records of this court, attorney registration number 18977. Scruggs is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

All factual allegations set forth in the Complaint were deemed admitted by the entry of default, and are therefore established by clear and convincing evidence. *See* Complaint attached hereto as exhibit 1. The entry of default also deemed established the alleged violations of The Rules of Professional Conduct set forth therein, with the exception of the two allegations of Colo. RPC 1.16(d) which were dismissed.

## II. CONCLUSIONS OF LAW AND IMPOSITION OF SANCTION

In two separate matters (Pierce and Schmitz) Scruggs accepted clients' funds, failed to perform the services for which he was hired, and failed to refund Pierce's funds in the amount of $350.00 and Schmitz's funds in the amount of $500.00 despite their demands that he do so. By accepting the clients' funds, failing to perform the services he was hired to perform, failing to refund the unearned portion of the $850.00 to his clients, knowing that he had not performed the services for which the funds were paid is sufficient evidence to conclude that Scruggs knowingly converted his clients' funds in violation of Colo. RPC 8.4(c)(engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). *See People v. Elliott*, 39 P.3d 551, at 555 (Colo. PDJ 2000), 2000 Colo. Discipl.LEXIS 40 (disbarring attorney for his accepting advance fees from two clients, performing some but not all of the services for which he was paid, retaining the fees for one year in one matter and two years in another matter, and abandoning the clients,

*citing People v. Singer,* 897 P.2d 798, 801 (Colo.1995)(holding that extensive and prolonged neglect is considered willful misconduct)); *People v. Silvola,* 915 P.2d 1281, 1284 (Colo.1996)(finding that misconduct that occurred over an extended period of time must be deemed to be willful); *People v. Varallo,* 913 P.2d 1, 11 (Colo.1996)(holding that knowing misappropriation [for which the lawyer is almost invariably disbarred] consists simply of a lawyer taking a client's money entrusted to him, knowing that it is the client's money and knowing that the client has not authorized the taking, *citing In re Noonan,* 102 N.J. 157, 160, 506 A.2d 722 (1986).)

These two incidents of knowing conversion, standing alone, are sufficient to warrant disbarment. *See Varallo,* 913 P.2d at 11. Additionally, in the Pierce and Schmitz matters, Scruggs failed to communicate with the clients in violation of Colo. RPC 1.4(a)(an attorney shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information). In the Pierce matter, Scruggs failed to take steps to resolve the client's dispute with her health insurer, and in the Schmitz matter, Scruggs failed to commence a non-contested divorce proceeding. Such conduct constitutes neglect in violation of Colo. RPC 1.3(an attorney shall act with reasonable diligence and promptness in representing a client). In both matters, the Complaint alleges that the extent of Scruggs' neglect rose to the level of abandonment.

To find abandonment rather than merely neglect, there must be proof that the attorney—during a given time period—was required to accomplish specific professional tasks for the client, failed to accomplish those tasks, and failed to communicate with the client. *People v. Carvell,* No. 99PDJ096, slip op. at p. 9 (Colo. PDJ September 11, 2000), 2000 Colo. Discipl. LEXIS 26. The proof must objectively indicate that the attorney has deserted, rejected and/or relinquished the professional responsibilities owed to the client. *Id.* The totality of facts establish that Scruggs deserted, rejected and/or relinquished the professional responsibilities owed to his clients and thereby abandoned them. The presumed sanction for knowing conver-

sion coupled with abandonment of an attorney's clients also results in disbarment. *See People v. Ain,* 35 P.3d 734, 739 (Colo. PDJ 2001)(attorney disbarred for abandonment of a client matter, knowingly converting funds, for making misrepresentations and for violation of court order); *People v. Wallace,* 936 P.2d 1282, 1284 (Colo.1997) (disbarring lawyer who abandoned clients, causing them serious harm, and knowingly misappropriated client funds); *People v. Townshend,* 933 P.2d 1327, 1329 (Colo.1997) (lawyer disbarred who effectively abandoned two clients after accepting retainers and failing to account for or return the unearned retainers); *People v. Gilbert,* 921 P.2d 48, 50 (Colo.1996) (attorney disbarred for converting client funds in conjunction with abandonment of practice); *People v. Steinman,* 930 P.2d 596, 599–600 (Colo. 1997) (lawyer disbarred who accepted fees from clients and then abandoned them while keeping their money and causing serious harm).

With regard to the Schmitz matter, Scruggs failed, upon termination, to take steps reasonably necessary to protect the clients' interests in violation of Colo. RPC 1.16(d)(an attorney shall, upon termination of representation, take steps to the extent reasonably practicable to protect a client's interests, including ... refunding any advance payment of any fee not earned).

In three separate matters (Guhl, Thilman, and Fontinelli) Scruggs was ordered by the court to reduce an order to writing and submit it for the court's signature. Scruggs failed to do so in a timely fashion in each of the three cases in violation of Colo. RPC 3.4(c)(an attorney shall not knowingly disobey an obligation under the rules of a tribunal). Scruggs also neglected these three clients' legal matters in violation of Colo. RPC 1.3(neglect). In the Fontinelli matter, Scruggs failed to communicate with the client in violation of Colo. RPC 1.4(a)(failure to communicate with client), and caused prejudice to the administration of justice as a result of the delay in filing the written permanent orders for over a five-month period in violation of Colo. RPC 8.4(d)(engaging in conduct prejudicial to the administration of justice).

In one matter (Bohlman), Scruggs neglected the client's matter in violation of Colo. RPC 1.3(neglect) by failing to timely forward discovery to the client and thereafter provide it to opposing counsel, resulting in the entry of judgment for opposing counsel's attorney's fees against the client. Scruggs' delay in providing discovery required the court to hold a hearing on attorneys' fees causing prejudice to the administration of justice in violation of Colo. RPC 8.4(d). Similarly, in the Weaver matter, Scruggs failed to file disclosures and was ordered by the court to pay opposing counsel's attorneys' fees and failed to do so in violation of Colo. RPC 3.4(c)(an attorney shall not knowingly disobey an obligation under the rules of a tribunal).

In another matter (Runia), Scruggs agreed to prepare a qualified domestic relations order and failed to prepare it for approximately five months in violation of Colo. RPC 1.3(neglect). In the Bergman matter, the client requested an accounting and written documentation confirming the terms of the resolution of a child support matter and Scruggs failed to communicate with the client in violation of Colo. RPC 1.4(a). Also, Scruggs failed to provide the requested information to his client in violation of Colo. RPC 1.15(b)(an attorney shall, upon request, provide to a client a full accounting and promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive). In the Livingston matter, Scruggs violated Colo. RPC 8.4(h) (it is professional misconduct for an attorney to engage in any other conduct that reflects adversely on the attorney's fitness to practice law) by failing to pay court reporter services.

In four matters, (Pierce, Schmitz, Weaver, Guhl), Scruggs failed to provide a written response to requests for information from the Office of Attorney Regulation Counsel constituting grounds for discipline pursuant to C.R.C.P. 251.5(d)(it shall constitute grounds for discipline where an attorney fails "to respond without good cause shown to a request by the ... Regulation Counsel ... or obstruction of the ... Regulation Counsel ... in the performance of their duties ....") and separate violations of Colo. RPC 3.4(c)

(an attorney shall not knowingly disobey an obligation under the rules of a tribunal) and Colo. RPC 8.1(b)(knowingly failing to respond reasonably to a lawful demand for information from a disciplinary authority).

These numerous other rule violations, taken together with Scruggs's failure to participate in this disciplinary proceeding lend additional support to the conclusion that disbarment is warranted. *See People v. Jaramillo*, 35 P.3d 723 (Colo. PDJ 2001)(attorney disbarred where he knowingly converted client funds in violation of Colo. RPC 8.4(c), he neglected three client matters in violation of Colo. RPC 1.3, he failed to communicate with clients in four different matters in violation of Colo. RPC 1.4(a), he engaged in conduct resulting in prejudice to the administration of justice in violation of Colo. RPC 8.4(d), he knowingly disobeyed the rules of a tribunal in one case in violation of Colo. RPC 3.4(c) and he failed to respond to requests for investigation in eight different matters in violation of C.R.C.P. 251.5(d);) *Ain*, 35 P.3d at 739 (attorney disbarred for abandonment of a client matter, knowingly converting funds, for making misrepresentations and for violation of court order). *See also* ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") 4.11 ("[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client"); ABA *Standard* 4.41(b) (disbarment is warranted when a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client); ABA *Standard* 4.41(c)(disbarment is warranted when a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to the client); ABA *Standard* 6.22 (suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party). Pursuant to ABA *Standards* 9.22 and 9.32 respectively, the Hearing Board considered aggravating and mitigating factors in arriving at the appropriate sanction. Since Scruggs did not participate in these proceedings, no mitigating factors were established. The

facts deemed admitted in the Complaint established several aggravating factors pursuant to ABA *Standard* 9.22. Scruggs had a dishonest or selfish motive, *see id.* at 9.22(b), he demonstrated a pattern of misconduct, *see id.* at 9.22(c); he engaged in multiple offenses, *see id,* at 9.22(d); he engaged in bad faith obstruction of the disciplinary proceeding, *see id.* at 9.22(e), the respondent had substantial experience in the practice of law having been licensed in Colorado since 1989, *see id.* at 9.22(i), and Scruggs demonstrated indifference to making restitution, *see id.* at 9.22(j).

Moreover, Scruggs has had prior discipline, an aggravating factor under ABA *Standard* 9.22(a). In 1998, Scruggs received a private censure for conduct similar to the conduct giving rise to this proceeding. Scruggs represented a client, commingled the client's funds with his own in violation of Colo. RPC 1.15(a)(an attorney shall hold property of clients or third persons that is in the attorney's possession separate from the attorney's own property), was ordered to prepare a qualified domestic relations order and failed to do so, and failed over a period of six months to return his client's phone calls in violation of Colo. RPC 1.3 and Colo. RPC 1.4(a).

The two incidents of knowing misappropriation and abandonment are sufficient to warrant disbarment. The numerous other incidents of neglect, failing to communicate, disregard of court orders and the legal needs of his clients, and Scruggs failure to participate in these proceedings confirms that disbarment is warranted.

### III.  ORDER

It is therefore ORDERED:

1. JOHN A. SCRUGGS, attorney registration number 18977 is DISBARRED from the practice of law effective thirty-one days from the date of this Order.

2. Scruggs is ordered to pay restitution within one year of the date of this Order to:

(A) Ms. Pierce in the amount of $350.00 with interest at the statutory rate from December 1, 2000, and

(B) Mr. Schmitz in the amount of $500.00 with interest at the statutory rate from June 29, 2000.

3. Scruggs is Ordered to pay the costs of these proceedings; the People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.

### EXHIBIT 1

### COMPLAINT

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14, and it is alleged as follows:

1. The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on October 25, 1989, and is registered upon the official records of this court, registration No. 18977. He is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's registered business address is 136 South Sherman Street, Denver, Colorado 80209.

#### The Pierce Matter, 01–01230

2. On or about September 12, 2000, Bonnie Pierce retained respondent to assist her with two legal matters. The first was a dispute she had with an insurance company concerning the cost of worker's compensation insurance for her company. The second matter concerned her health insurer's refusal to pay for medical tests and equipment that had previously been authorized for her personal use.

3. Ms. Pierce had an initial meeting with respondent at his home. At that time she paid him a $200.00 flat fee to address the matters referenced above.

4. After more than four months elapsed and Ms. Pierce had placed several phone calls to respondent concerning the status of the matters, the worker's compensation insurance issue was resolved and fully settled.

5. In December of 2000, respondent told Ms. Pierce that he would need additional

funds to pursue her dispute with her health insurer. On December 22, 2000, Ms. Pierce delivered a check to respondent at his home in the amount of $350.00 to cover the additional fees requested. About one week later, Ms. Pierce delivered to the respondent some additional documents he had requested. At the time the additional information was provided to the respondent, respondent requested that Ms. Pierce call him in about a week to discuss the matter. That is the last time that Ms. Pierce spoke with respondent.

6. In early January, Ms. Pierce attempted to contact respondent by telephone. At that time, Ms. Pierce was receiving bills from the doctor's office and the company who leased the medical equipment (heart monitor) that she was using. After two weeks elapsed, Ms. Pierce called the respondent again and left a message requesting that he contact her concerning the health insurance matter. Respondent did not reply.

7. Ms. Pierce ·continued to call respondent every week to two weeks concerning the status of her legal matter. She left messages begging respondent to call her, as medical bills were continuously coming to her and she did not know what to do. She also asked, in her messages, if respondent needed any additional information from her.

8. In an effort to contact respondent, Ms. Pierce spoke with the person who had referred respondent to her. That person told Ms. Pierce that she would contact a friend of the respondent concerning the matter. However, this did not succeed in causing respondent to contact Ms. Pierce.

9. After three months of not receiving any return telephone calls, Ms. Pierce's husband called respondent and left voice mail messages three times, but received no reply. Ms. Pierce and her husband then went to respondent's home, where they were confronted by a lady who told them that respondent was not available, but that she would give him a message to call. After another week elapsed without a telephone call from respondent, Ms. Pierce filed a complaint with the Office of Attorney Regulation Counsel.

10. Respondent failed to respond to the request for investigation filed by Ms. Pierce, although it was mailed to respondent's registered business and home address.

11. Respondent has abandoned Ms. Pierce, thereby terminating the attorney/client relationship. Respondent continues to retain the $350.00 paid by Ms. Pierce to him to pursue the claim against her health insurer, although respondent has no right to the money.

## CLAIM I

12. The averments of paragraphs 1 through 11 are incorporated herein.

13. Respondent knowingly converted Pierce's fees in the amount of $350.00 to his own use and benefit, which is conduct involving dishonesty, in violation of Colo. RPC 8.4(c).

Wherefore, complainant seeks relief as set forth more fully below.

## CLAIM II

14. The averments of paragraphs 1 through 11 are incorporated herein by reference.

15. Respondent failed to keep Pierce reasonably informed about the status of her legal matter and failed to promptly comply with her reasonable requests for information, in violation of Colo. RPC 1.4(a).

Wherefore, complainant seeks relief as set forth more fully below.

## CLAIM III

16. The averments of paragraphs 1 through 11 are incorporated herein.

17. Respondent neglected Pierce's legal matter and failed to represent Pierce diligently, in violation of Colo. RPC 1.3.

Wherefore, complainant seeks relief as set forth more fully below.

## CLAIM IV

18. The averments of paragraphs 1 through 11 are incorporated herein.

19. Respondent failed to protect Pierce's interest at the time he terminated his services on her behalf in violation of Colo. RPC 1.16(d).

Wherefore, complainant seeks relief as set forth more fully below.

### The Schmitz Matter, 01–00785

20. On June 29, 2000, Arron Schmitz hired respondent as his attorney to represent him in a non-contested divorce proceeding. Schmitz paid respondent a $500.00 flat fee at the time he retained him.

21. After about a month and a half, respondent showed Schmitz papers that had been drafted to begin the process. Schmitz signed the paperwork, and it was filed on or about October 26, 2000, roughly four months after Schmitz had retained the respondent, and only after Schmitz made several telephone calls to the respondent concerning the status of the legal matter.

22. In December of 2000, Schmitz contacted his wife to find out if she had received the divorce paperwork. Schmitz's wife informed Schmitz that she had not received any paperwork and that she had not been served with the documents to begin the divorce process.

23. Beginning in the middle of January, 2001, Schmitz began to attempt to contact respondent concerning the legal matter. Schmitz left a voice mail message for respondent, but respondent did not respond.

24. Thereafter, Schmitz called respondent's office on January 31, February 1, February 12, and February 13, 2001. Each time Schmitz left a voice mail message for the respondent. The respondent has never responded to Schmitz' messages. Respondent terminated his relationship with Schmitz by abandoning his representation of him.

25. Respondent did not respond to the request for investigation filed by Schmitz with the Office of Attorney Regulation Counsel, although a copy of it was mailed to respondent's registered business and home addresses.

26. Respondent has abandoned Schmitz, thereby terminating the attorney/client relationship. Respondent has retained all of the funds paid by Schmitz to the respondent, without completing the work agreed to and without authorization.

### CLAIM V

27. The averments of paragraphs 20 through 26 are incorporated herein.

28. Respondent knowingly converted funds belonging to Schmitz to his own use and benefit, which is conduct involving dishonesty, in violation of Colo. RPC 8.4(c).

Wherefore, complainant seeks relief as set forth more fully below.

### CLAIM VI

29. The averments of paragraphs 20 through 26 are incorporated herein.

30. Respondent failed to keep Schmitz reasonably informed about the status of his legal matter and failed to promptly comply with Schmitz's reasonable requests for information, in violation of Colo. RPC 1.4(a).

Wherefore, complainant seeks relief as set forth more fully below.

### CLAIM VII

31. The averments of paragraphs 20 through 26 are incorporated herein.

32. Respondent neglected Schmitz's legal matter and failed to represent Schmitz diligently, in violation of Colo. RPC 1.3.

Wherefore, complainant seeks relief as set forth more fully below.

### CLAIM VIII

33. The averments of paragraphs 20 through 26 are incorporated herein.

34. Respondent failed to protect Schmitz's interest at the time of his termination in violation of Colo. RPC 1.16(d).

Wherefore, complainant seeks relief as set forth more fully below.

### The Weaver Matter, 00–03544

35. On December 21, 1999, a domestic relations court ordered respondent to pay $350.00 to opposing counsel in attorney's fees as result of respondent's failure to file disclosures. As of this date, although respondent is aware of the order, respondent has not paid the court-ordered sum.

36. Respondent never submitted a written response to the request for investigation in this matter which was sent to respondent's registered address pursuant to the applicable rule of procedure.

### CLAIM IX

37. The averments of paragraphs 35 through 36 are incorporated herein.

38. Respondent violated Colo. RPC 3.4(c) by knowingly disobeying the court's order requiring him to pay attorney's fees.

Wherefore, complainant seeks relief as set forth more fully below.

### The Guhl Matter, 00–03946

39. On April 19, 2000, respondent appeared before Magistrate Rice in Arapahoe County District Court and read an oral stipulation into the record on behalf of his client, Mr. Guhl. Respondent was ordered to prepare a written order within 15 days.

40. As of February 1, 2001, no written order had been submitted to the court.

41. Respondent received a copy of the request for investigation in the Guhl matter, but never submitted a written response to it.

### CLAIM X

42. The averments of paragraphs 39 through 41 are incorporated herein.

43. Respondent violated Colo. RPC 3.4(c) by knowingly disobeying the court's order requiring him to prepare and file the Guhl order within 15 days.

Wherefore, complainant seeks relief as set forth more fully below.

### CLAIM XI

44. The averments of paragraphs 39 through 41 are incorporated herein.

45. Respondent neglected Guhl's matter and failed to represent Guhl diligently, in violation of Colo. RPC 1.3.

Wherefore, complainant seeks relief as set forth more fully below.

### The Thilman Matter, 00–04158

46. Respondent represented Thomas Thilman in a dissolution of marriage matter.

47. On May 19, 1999, the matter came before Magistrate Rice in Arapahoe County District Court for a status hearing. Respondent was ordered to prepare a proposed order within 15 days. Respondent failed to do so.

48. On June 24, 1999, the court contacted respondent by telephone concerning the order, which had not yet been filed.

49. On July 20, 1999, the court entered an order requiring respondent to submit the formal order within 10 days.

50. An order, signed by both counsel, was not filed until October 18, 1999.

### CLAIM XII

51. The averments of paragraphs 46 through 50 are incorporated herein.

52. Respondent violated Colo. RPC 3.4(c) by knowingly disobeying the court's orders requiring him to prepare and file the Thilman order within the time specified.

Wherefore, complainant seeks relief as set forth more fully below.

### CLAIM XIII

53. The averments of paragraphs 46 through 50 are incorporated herein.

54. Respondent neglected Mr. Tillman's representation and failed to represent Tillman diligently, in violation of Colo. RPC 1.3.

Wherefore, complainant seeks relief as set forth more fully below.

## The Bohlmann Matter, 00–04160

55. The respondent was retained to represent Ms. Bohlmann in a dissolution of marriage action.

56. Respondent received discovery from opposing counsel in February 1999. Respondent did not forward the discovery to Bohlmann for response until April 1999.

57. In late April 1999, Bohlmann returned her discovery responses to the respondent. Respondent did not provide those responses to opposing counsel until August 1999.

58. On July 18, 1999, the presiding magistrate entered an order compelling Bohlmann's responses to the discovery opposing counsel had propounded, and ordering Bohlmann to pay $300.00 as and for reasonable attorney's fees to opposing counsel within 10 days.

59. In addition, judgment in the amount of $2,909.90 was entered against respondent for opposing counsel's attorney's fees resulting from respondent's delay during the course of proceedings. That sum included the $300.00 the magistrate ordered Bohlmann to pay.

## CLAIM XIV

60. The averments of paragraphs 55 through 59 are incorporated herein.

61. Respondent violated Colo. RPC 1.3 by neglecting Bohlmann's legal matter and failing to represent Ms. Bohlmann diligently.

Wherefore, complainant seeks relief as set forth more fully below.

## CLAIM XV

62. The averments of paragraphs 55 through 59 are incorporated herein.

63. Respondent engaged in conduct prejudicial to the administration of justice by his failure to handle the discovery matter described above properly, thereby causing a hearing on the matter and the entry of an order for attorney's fees against his client. Respondent's conduct violates Colo. RPC 8.4(d).

Wherefore, complainant seeks relief as set forth more fully below.

## The Runia Matter, 00–04161

64. Respondent was hired to represent Mr. Runia in a dissolution of marriage action.

65. The decree of dissolution of marriage was entered in complainant's case in November 1998. A qualified domestic relations order was needed to provide retirement benefits among the parties. Respondent agreed to prepare the document as part of his representation of complainant.

66. A proposed qualified domestics relations order was not prepared by respondent until March or April, 2000.

## CLAIM XVI

67. The averments of paragraphs 64 through 66 are incorporated herein.

68. Respondent neglected Runia's legal matter and failed to represent Runia diligently, in violation of Colo. RPC 1.3.

Wherefore, complainant seeks relief as set forth more fully below.

## The Bergmann Matter, 00–04162

69. Bergmann hired respondent in July 1999 to represent him in connection with child support disputes that he had with his ex-wife.

70. In September 1999, respondent notified complainant that he was initiating discussions with opposing counsel concerning the child support matters.

71. On December 20, 1999, respondent advised complainant that the matters had been resolved.

72. Thereafter, complainant requested that respondent provide him with an itemized accounting of his time, and written documentation confirming the terms of the resolution of the child support matter.

73. As of April 4, 2000, respondent had not provided any of the requested information to the complainant.

**246**

## CLAIM XVII

74. The averments of paragraphs 69 through 73 are incorporated herein.

75. Respondent violated Colo. RPC 1.15(b) by failing to provide an accounting of his fees and costs when expressly requested by his client.

Wherefore, complainant seeks relief as set forth more fully below.

## CLAIM XVIII

76. The averments of paragraphs 69 through 73 are incorporated herein.

77. Respondent failed to keep his client reasonably informed about the status of his legal matter and failed to promptly comply with the client's reasonable requests for information, in violation of Colo. RPC 1.4(a).

Wherefore, complainant seeks relief as set forth more fully below.

### The Fontinelli Matter, 00–04275

78. Respondent represented Ms. Fontinelli in a dissolution of marriage action. On May 31, 2000, the respondent, Ms. Fontinelli and Ms. Fontinelli's ex-husband appeared before a magistrate of the Adam's County District Court and read a permanent orders stipulation into the record. Respondent was ordered by the Magistrate to prepare written permanent orders and a decree within 30 days.

79. On July 10, 2000, the court entered another order giving respondent an additional 10 days to submit the orders.

80. On July 31, 2000, the court issued a show cause order requiring respondent to appear on September 7, at 8:30 a.m. to show cause why sanctions should not be imposed for his failure to submit the written orders.

81. On September 7, 2000, respondent appeared and still had not prepared the orders. The court set the matter for administrative review on October 10, 2000, by which time respondent was to submit written permanent orders.

82. On October 10, 2000, the court performed a review of the matter and noted that the orders still had not been submitted. Accordingly, a show cause order was entered requiring respondent to appear on November 13, 2000 at 8:30 a.m. to show cause why sanctions should not be imposed for his failure to comply with the court's previous orders.

83. Respondent failed to appear at the November show cause hearing. Accordingly, a bench warrant was issued for respondent's arrest, but stayed until December 12, 2000, when a review hearing was scheduled.

84. The review took place on December 12, 2000 and the permanent orders had still not been submitted. On that date, the court ordered that respondent was to return and show cause on February 7, 2001 why sanctions should not be entered against him. The sheriff was directed to serve the show cause order on the respondent personally, and if respondent failed to appear the bench warrant would issue.

85. Respondent submitted the permanent orders on December 22, 2000.

86. Respondent never advised his client that he had submitted the orders, and never sent her a copy of the orders.

## CLAIM XIX

87. The averments of paragraphs 78 through 86 are incorporated herein.

88. Respondent violated Colo. RPC 1.3 by neglecting Ms. Fontinelli's matter and failing to represent her diligently.

Wherefore, complainant seeks relief as set forth more fully below.

## CLAIM XX

89. The averments of paragraphs 78 through 86 are incorporated herein.

90. Respondent violated Colo. RPC 3.4(c) by knowingly disobeying the court's many orders directing him to prepare the permanent orders in the Fontinelli matter.

Wherefore, complainant seeks relief as set forth more fully below.

## CLAIM XXI

91. The Averments of paragraphs 78 through 86 are incorporated herein.

92. Respondent's disobedience, which necessitated further court action, constituted conduct prejudicial to the administration of justice in violation of Colo. RPC 8.4(d).

Wherefore, complainant seeks relief as set forth more fully below.

## CLAIM XXII

93. The averments of paragraphs 78 through 86 are incorporated herein.

94. Respondent failed to keep Ms. Fontinelli reasonably informed about the status of her legal matter and failed to promptly comply with her reasonable requests for information, in violation of Colo. RPC 1.4(a).

Wherefore, complainant seeks relief as set forth more fully below.

### The Livingston Matter, 01–00262

95. Respondent hired Irwin Seidman to report a deposition. Respondent purchased a transcript of the deposition, but never paid for it.

96. On October 6, 2000, a judgment was entered against respondent for the unpaid deposition fee, plus costs and interest, in the total amount of $324.90.

97. The judgment has not been paid.

## CLAIM XXIII

98. The averments of paragraphs 95 through 97 are incorporated herein.

99. Respondent violated Colo. RPC 8.4(h) as a result of his failure to pay the court reporter and/or the judgment entered against him for the costs of the court reporter's services, which respondent expressly requested.

Wherefore, complainant seeks relief as set forth more fully below.

## FAILURE TO COOPERATE

## CLAIM XXIV

100. The averments of paragraphs 10, 25, 36, and 41 are incorporated herein.

101. Respondent was served with written notice of the requests for investigation filed by Pierce, Schmitz, Weaver, and Guhl, described above, but respondent failed to provide a written response to any of those requests for investigation as required by C.R.C.P. 251.10(a). Respondent's knowing failure to provide responses to the requests for investigation identified above, as required by C.R.C.P. 251.10(a), constitutes violations of C.R.C.P. 251.5(d), Colo. RPC 3.4(c) and Colo. RPC 8.1(b).

WHEREFORE, it is prayed that the respondent be found guilty of violations of various rules of conduct which establish grounds for discipline as provided in C.R.C.P. 251.5, and the Colorado Rules of Professional Conduct and that he be appropriately disciplined and assessed the costs of these proceedings, and that the court enter such further relief as may be allowable and appropriate based upon the evidence at trial.