The PEOPLE of the State of Colorado, Complainant,

v.

Phyllis M. AIN, Respondent.

No. 01PDJ013.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Oct. 29, 2001.

Opinion by Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board members, DIANNE K. BARRY and SHERRY A. CALOIA, both members of the bar.

## REPORT, DECISION AND IMPOSITION OF SANCTION

*SANCTION IMPOSED:* **ATTORNEY DISBARRED**

A sanctions hearing pursuant to C.R.C.P. 251.15 was held on August 28, 2001, before the Presiding Disciplinary Judge ("PDJ") and two hearing board members, Dianne K. Barry and Sherry A. Caloia, both members of the bar. James C. Coyle, Assistant Attorney Regulation Counsel represented the People of the State of Colorado (the "People"). Phyllis M. Ain ("Ain"), the respondent, did not appear either in person or by counsel.

The Complaint in this action was filed February 12, 2001. Ain did not file an Answer to the Complaint. On April 13, 2001 the People filed a Motion for Default. Ain did not respond. On June 6, 2001 the PDJ issued an Order granting default, stating that all factual allegations set forth in the Complaint were deemed admitted pursuant to C.R.C.P. 251.15(b). The default Order also granted default on certain violations of The Rules of Professional Conduct ("Colo.RPC") alleged in the Complaint which were deemed admitted, *e.g., People v. Richards,* 748 P.2d 341 (Colo. 1987), and denied default on certain other violations, which were subsequently dismissed by Order dated July 5, 2001.[1]

At the sanctions hearing, the People presented evidence from Dr. Robert E. Baker. Exhibits 1 through 5 were offered by the People and admitted into evidence. The PDJ and Hearing Board considered the People's argument, the facts established by the entry of default, the exhibits admitted, assessed the testimony of the witness and made the following findings of fact which were established by clear and convincing evidence.

---

1. The following alleged rule violations were dismissed: claim two: Colo. RPC 1.15(c) and Colo. RPC 3.3(a)(1), and claim three, Colo. RPC 8.1(b) and C.R.C.P. 251.5(d).

## I. FINDINGS OF FACT

Ain has taken and subscribed to the oath of admission, was admitted to the bar of the Supreme Court on October 27, 1987 and is registered upon the official records of this court, registration number 17112. Ain is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

All factual allegations set forth in the Complaint were deemed admitted by the entry of default. The facts set forth therein are therefore established by clear and convincing evidence. *See* Complaint attached hereto as exhibit 1. The Order entering default also granted default as to the remaining violations of The Rules of Professional Conduct.

## II. CONCLUSIONS OF LAW

### The Brown Matter

Sue Brown ("Brown") hired Ain to represent her in a potential discrimination/wrongful termination action against Brown's employer. After initially filing a claim on Brown's behalf, Ain failed to specify Brown's claims for relief for several months despite opposing counsel's requests that she do so; she failed to respond to opposing counsel's correspondence; she failed to timely and adequately provide discovery; she missed scheduled meetings with the client, and she failed to comply with the court's order requiring her to formally set forth Brown's claims. Consequently, Ain failed to act with reasonable diligence and promptness and neglected Brown's matter in violation of Colo. RPC 1.3 (an attorney shall not neglect a legal matter entrusted to that attorney).

Ain violated Colo. RPC 3.4(c)(an attorney shall not knowingly disobey an obligation under the rules of a tribunal) by failing to comply with the court's order directing her to file a complaint that formally stated her client's claims against the various defendants. Ain failed to keep Brown informed about the status of the matter in violation of Colo. RPC 1.4(a)(an attorney shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information). Ain failed to make reasonable efforts to expedite the client's matter in violation of Colo. RPC 3.2(an attorney shall make reasonable efforts to expedite litigation consistent with the interests of a client). Ain knowingly misrepresented to her client that she was proceeding adequately in the case when in fact she was not. Such conduct is a violation of Colo. RPC 8.4(c)(engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). After withdrawing as Brown's attorney, Ain failed to return ·Brown's papers upon request in violation of Colo. RPC 1.16(d)(upon termination of representation, taking steps to the extent reasonably practicable to protect a client's interests, and refunding any advance payment of any fee not earned).

### The Baker Matter

Dr. and Mrs. Baker (the "Bakers") retained Ain in August 1996, to represent them in a dispute over an automobile service contract with an automobile manufacturer. They paid Ain a $500 cost retainer and later paid her an additional $600. Ain provided incompetent advice to the Bakers with regard to the statute of limitations applicable to their claim in violation of Colo. RPC 1.1(an attorney shall provide competent representation to a client). Ain engaged in numerous acts of neglect in violation of Colo. RPC 1.3(neglect of a legal matter): she filed a complaint on behalf of the Bakers after the statute of limitations had expired; she tendered a check for filing costs drawn on her operating account with insufficient funds on deposit to cover the check; she failed to respond to opposing counsel's correspondence when advised of the legal deficiencies in the case; she delayed the case by failing to produce the clients' vehicle for inspection despite being requested to do so numerous times by defense counsel; she failed to respond to discovery requests; she neglected to interview certain essential witnesses for over sixteen months; she failed to draft a trial management order; she failed to obtain an expert opinion, and she failed to prepare the matter for trial.

Ain violated Colo. RPC 1.4(a) (an attorney shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information) by repeatedly failing to respond to the Bakers'

requests for information. Ain failed to communicate the client's rejection of the settlement offer to the defendant manufacturer; she failed to advise the clients of opposing counsel's correspondence regarding deficiencies in the lawsuit and affirmative defenses; she failed to advise the Bakers of the defendants' dispositive motions and Ain's failure to timely respond to the motions; she failed to inform the Bakers of the court's ruling on the motions and that the court dismissed their case, and she failed to inform them of the judgment against herself and her clients jointly and severally in the amount of $11,438.60 for attorney fees and $215.27 in costs.

Ain violated Colo. RPC 1.15(a) (an attorney shall hold clients' property separate from the attorney's own property) by placing the Bakers' $500 cost retainer in her operating account and commingling their funds with her own funds. Ain violated Colo. RPC 8.4(c)(engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) by misrepresenting to the court that she could not file a timely response to a summary judgment motion due to the client's failure to provide her with an affidavit when in fact she had never requested that the Bakers prepare an affidavit. Ain's repeated misrepresentations to the Bakers regarding the status of the case constitutes additional violations of Colo. RPC 8.4(c).

Ain violated Colo. RPC 3.2 (an attorney shall make reasonable efforts to expedite litigation consistent with the interests of a client) by failing to produce the Bakers' vehicle for inspection which precipitated delay in the case, and failing to make reasonable efforts to expedite litigation. Ain knowingly disobeyed a court order in violation of Colo. RPC 3.4(c)(an attorney shall not knowingly disobey an obligation under the rules of a tribunal) by failing to appear for her rule 69 deposition when ordered to do so by the court. Ain violated Colo. RPC 1.16(d)(an attorney shall, upon termination of representation, take steps to the extent reasonably practicable to protect.a client's interests) by failing to return the Bakers' file when requested.

## The Page/Densmore Matter

■ Nancy Page and her son, Case Densmore, hired Ain in late 1998 to represent Densmore regarding a dissolution of his marriage. Densmore paid Ain a $500 retainer. Ain was aware that Densmore was psychologically vulnerable. Densmore had recently attempted suicide as a result of the failed marriage. Ain incorrectly informed Densmore that the dissolution proceeding would take only forty-five days due to the short duration of the marriage. Such advice was incompetent and a violation of Colo. RPC 1.1 (an attorney shall provide competent representation to a client). Ain violated Colo. RPC 1.4(a) (an attorney shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information) by repeatedly failing to return Densmore's phone calls and failing to communicate with Densmore from late 1998 to late summer 1999. Indeed, after her initial meeting with Densmore, in which she stated that the matter would be resolved within forty-five days, Ain failed to take any further legal action on the case. Such Failure to act with reasonable diligence and promptness in the representation is a violation of Colo. RPC 1.3(neglect of a legal matter). Notwithstanding her complete failure to take any steps to advance her client's dissolution of marriage, in late summer 1999, Ain told Page that she would check on the status of the case and thereby engaged in knowing deceit. Ain knew there was no case to check on and, by misleading Page, violated Colo. RPC 8.4(c).

Ain failed to make reasonable efforts to expedite litigation consistent with the client's interests in violation of Colo. RPC 3.2 (failure to expedite litigation). Ain violated Colo. RPC 1.15(b) (upon receiving funds or other property in which a client has an interest, an attorney shall promptly deliver to the client any funds or other property that the client is entitled to receive and render a full accounting) by failing to provide an accounting when Densmore requested she provide him with one.

■ As this court stated in *People v. Carvell,* No. 99PDJ096, slip op. at p. 9 (Septem-

ber 11, 2000) 29 Colo. Law. 137, 138 (November 2000), 2000 Colo. Discipl. LEXIS 26:

> To find abandonment rather than merely neglect, there must be proof that the attorney—during a given time period—was required to accomplish specific professional tasks for the client, failed to accomplish those tasks, and failed to communicate with the client. The proof must objectively indicate that the attorney has deserted, rejected and/or relinquished the professional responsibilities owed to the client.

In the present case, a finding of abandonment is warranted. The totality of facts which reveal the level of Ain's misconduct establish that she deserted, rejected and/or relinquished the professional responsibilities owed to her client and thereby abandoned him.

■ In addition, Ain accepted $500 from Densmore in return for her professional services. Despite her repeated assurances to her client suggesting the case was progressing, Ain performed no professional services for her client. Even after her client had demanded an accounting and filed a Request for Investigation, Ain did not refund the unearned $500. Ain's failure to refund the unearned $500 to her client for more than a year knowing that she had not performed the services for which the funds were paid is sufficient evidence to conclude that Ain knowingly converted her clients funds in violation of Colo. RPC 8.4(c)(engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

### The Crumpton Matter

In November 1999, Ain contacted Kenny Crumpton, an inmate at the Department of Corrections in Canon City, Colorado, with regard to a post-conviction challenge. Ain had no family or prior professional relationship with Crumpton and was soliciting him primarily for monetary gain. Ain's solicitation of Crumpton as a client violated Colo. RPC 7.3(a) (a lawyer shall not solicit professional employment from a prospective client with whom the lawyer has no family or prior professional relationship where a significant motive for the lawyer's doing so is the lawyer's pecuniary gain).

In December 1999, Crumpton executed the fee agreement, paid Ain a retainer in the amount of $600 and provided her with several hundred pages of court transcripts. An attorney/client relationship was established. Ain spoke with Crumpton two weeks later after the initial meeting in November 1999. Ain did no further work on Crumpton's legal matter. Thereafter, Crumpton attempted to contact the respondent on at least eleven occasions without success. Eventually, Crumpton received a recording stating that the respondent's telephone had been disconnected. Crumpton wrote to the respondent by certified letter asking that she get in touch with him. Crumpton has not heard from Ain since December 1999. Such conduct by an attorney constitutes a violation of Colo. RPC 1.4(a) (failure to communicate) and Colo. RPC 1.3 (neglect of a legal matter). The totality of facts establish by clear and convincing evidence that Ain deserted and/or rejected her professional responsibilities regarding her client, and thereby abandoned her client. *Carvell, supra.* No. 99PDJ096, slip. op at 11, 29 Colo. Law. 137, 138, 2000 Colo. Discipl. LEXIS 26. Ain also violated Colo. RPC 3.2 (an attorney shall make reasonable efforts to expedite litigation consistent with the interests of a client) by failing to expedite litigation for Crumpton.

Moreover, Ain's retention of Crumpton's retainer for over a year after she abandoned his case constitutes conversion in violation of Colo. RPC 8.4(c). From the evidence presented it is reasonable to infer that her retention of the unearned funds was knowing. *See People v. Elliott,* 99PDJ059, slip op. at 8 (consolidated with 99PDJ086) (Colo. PDJ March 1, 2000), 29 Colo. Law. 112, 114 (May 2000), 2000 Colo. Discipl. LEXIS 40 (disbarring attorney for his accepting advance fees from two clients, performing some but not all of the services for which he was paid, retaining the fees for one year in one matter and two years in another matter, and abandoning the clients), citing *People v. Singer,* 897 P.2d 798, 801 (Colo.1995) (holding that extensive and prolonged neglect is considered willful misconduct); *People v. Silvola,* 915 P.2d 1281, 1284 (Colo.1996) (finding that miscon-

**739**

duct that occurred over an extended period of time must be deemed to be willful).

## III. ANALYSIS OF SANCTION

■ In both the Page/Densmore and the Crumpton matters, Ain's retention of the unearned clients' funds for an extended period of time constituted knowing conversion. Colorado law provides that in the absence of substantial mitigating factors, disbarment is the presumed sanction when an attorney knowingly misappropriates clients' funds. *See People v. Varallo*, 913 P.2d 1, 12 (Colo. 1996), *citing People v. Lefly* 902 P.2d 361 (Colo.1995) (lawyer's knowing conversion of client funds almost always merits disbarment even if the funds are eventually replaced).

■ In both the Page/Densmore and Crumpton matters, the extent of Ain's neglect rose to the level of abandonment. The presumed sanction for knowing conversion coupled with abandonment of an attorney's clients also results in disbarment. *See People v. Wallace*, 936 P.2d 1282, 1284 (Colo. 1997) (disbarring lawyer who abandoned clients, causing them serious harm, and knowingly misappropriated client funds); *People v. Townshend*, 933 P.2d 1327, 1329 (Colo.1997) (lawyer disbarred who effectively abandoned two clients after accepting retainers and failing to account for or return the unearned retainers); *People v. Gilbert*, 921 P.2d 48, 50 (Colo.1996) (attorney disbarred for converting client funds in conjunction with abandonment of practice); *People v. Steinman*, 930 P.2d 596, 599–600 (Colo.1997) (lawyer disbarred who accepted fees from clients and then abandoned them while keeping their money and causing serious harm); *People v. Jenks*, 910 P.2d 688, 692 (Colo.1996) (attorney disbarred for accepting legal fees from a number of clients and then abandoning them, causing some of the clients substantial harm); *People v. Tucker*, 904 P.2d 1321, 1325 (Colo.1995) (lawyer disbarred who abandoned clients while continuing to collect attorney fees for work that would not be performed); *People v. Fritsche*, 897 P.2d 805, 806–807 (Colo.1995) (lawyer who effectively abandoned clients and disregarded disciplinary proceedings disbarred).

In addition to Ain's knowing conversion and abandonment of her clients, her misrepresentations to the clients in the Baker and Brown matters, her misrepresentation to the court in the Baker matter, and her disregard of court orders in the Brown and Baker matters support the PDJ and Hearing Board's conclusion that the presumed sanction is disbarment.

Determination of the appropriate sanction requires the PDJ and Hearing Board to consider aggravating and mitigating factors pursuant to ABA *Standards* 9.22 and 9.32 respectively. No mitigating factors were presented. However, several aggravating factors are evident. Densmore was a particularly vulnerable client and Ain was aware of his vulnerability, *see* ABA *Standard* 9.22(h); Ain has made no effort to make restitution to any of the clients giving rise to this proceeding, *see id.* at 9.22(j), and Ain had one prior instance of professional discipline, a Letter of Admonition in March 1998, for violations of Colo. RPC 1.3 and Colo. RPC 8.4(h), *see id.* at 9.22(a).

## IV. ORDER

It is therefore ORDERED:

1. Phyllis M. Ain, attorney registration number 17122 is disbarred from the practice of law effective thirty-one days from the date of this Order.

2. Prior to readmission to the practice of law, Ain must establish that she has refunded and paid restitution within twelve (12) months from the date of this Order to:

   A. Dr. Robert Baker in the sum of $6,926.96 [2] plus interest at the statutory rate from February 8, 2000;

   B. Nancy Page in the amount of $500 plus statutory interest from January 1, 1999,

   C. Kenny Crumpton in the amount of $600 plus statutory interest from December 1, 1999.

3. Prior to readmission to the practice of law, Ain must establish that she has complied with all prior orders of court

2. This figure consists of the $1,100 initially paid to Ain as a retainer and $5,826.96 Dr. Baker paid in settlement to the defendants on the judgment

entered jointly and severally against Ain and the Bakers.

in the Baker lawsuit referenced in the Complaint.

4. Ain is Ordered to return the files to Sue Brown and Dr. Robert Baker within ninety (90) days of the date of this Order.

5. Ain is Ordered to pay the costs of these proceedings; the People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.

## EXHIBIT 1

## COMPLAINT

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14, and it is alleged as follows:

1. The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on October 22, 1987, and is registered upon the official records of this court, registration No. 17112. She is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's registered business address is 370 17th Street, Suite 4250, Denver, Colorado 80202; the respondent's registered home address is 640 Race Street, Denver, Colorado 80206. Her last known addresses are 283 Columbine Street, #168, Denver, Colorado 80206 and P.O. Box 500307, Saipan, M.P. 96950.

### CLAIM I (THE BROWN MATTER)

**(Failure to Act with Reasonable Diligence and Neglect of a Legal Matter–Colo. RPC 1.3; Failure to Keep a Client Reasonably Informed About the Status of a Matter and Failure to Promptly Comply with Reasonable Requests for Information Colo. RPC 1.4(a); Failure to Return Client File–Colo. RPC 1.16(d); Failure to Expedite Litigation–Colo. RPC 3.2; Knowing Failure to Comply with Court Order–Colo. RPC. 3.4(c); and Engaging in Conduct Involving Dishonesty, Fraud, Deceit or Misrepresentation–Colo. RPC 8.4(c))**

2. In November 1996, Sue Brown met with respondent Ain regarding a potential discrimination/wrongful termination action against Ms. Brown's then employer, TeleTech Holdings, Inc. (Teletech).

3. Ms. Brown executed a fee agreement with the respondent on or about December 5, 1996. Thus, an attorney-client relationship was formed.

4. Ms. Brown's employment contract with Teletech contained a provision for mandatory binding arbitration.

5. In December 1996, respondent Ain filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on behalf of Ms. Brown and against Teletech.

6. On or about May 21, 1997, respondent Ain sent a "demand for arbitration" to counsel for TeleTech. Opposing counsel claimed that the demand failed to comply with the American Arbitration Association commercial arbitration rules as it failed to specify claims for relief.

7. Several letters were submitted to the respondent, with counsel for Teletech requesting that respondent Ain set forth Ms. Brown's claims for relief. Respondent Ain did not respond to those requests. This constitutes the initiation of what became a continuing pattern and practice of neglect and lack of diligence, violation of Colo. RPC 1.3.

8. The respondent directed her secretary to make attempts in May, June and July 1997 to obtain dates for the arbitration with opposing counsel. Those attempts were unsuccessful due to respondent Ain's continuing failure to state Ms. Brown's claims.

9. On August 22, 1997, respondent Ain filed a motion to compel arbitration in Denver District Court. Teletech and several individuals were named as defendants. The court later ordered the parties to schedule the matter for arbitration under the Uniform Arbitration Act.

10. On September 29, 1997, defense counsel filed motions to strike the motion to

compel arbitration and for reconsideration of the arbitration order, stating that respondent Ain had failed to provide adequate notice of claims to the defendants and had continually failed to provide a formal statement of the claims for relief.

11. On or about October 13, 1997, defense counsel served interrogatories and requests for production on respondent Ain on behalf of complainant Brown. Respondent Ain failed to respond in a timely fashion and only partially responded to the discovery in February 1998, all in violation of Colo. RPC 1.3.

12. On November 20, 1997, the court granted the motion for reconsideration, vacated the order compelling arbitration, and ordered that the parties set a hearing before the court to clarify the arbitration requirements. A hearing was set for March 1998.

13. After the March 1998 hearing, the court ordered that respondent Ain file a complaint that formally stated her client's claims against the various defendants within 20 days, or by about March 24, 1997. Respondent Ain was aware of this court order, but nevertheless knowingly did not file the statement of claims. Such knowing failure to file the statement of claims was not only a continuation of the respondent's violation of Colo. RPC 1.3, but was also a violation of Colo. RPC 3.4(c).

14. On April 30, 1998, opposing counsel filed a renewed motion to dismiss stating that not only had respondent Ain ignored the AAA rules and the rules of civil procedure, but had also "flagrantly" disregarded the court's order.

15. After filing a motion for extension of time, respondent Ain filed her response to the motion to dismiss. In the response, respondent Ain set forth complainant Brown's general statements against the various defendants, without specifying her claims for relief, in continuing violation of Colo. RPC 1.3 and Colo. RPC 3.4(c). Counsel for the defendants replied by stating that respondent Ain had still not complied with the rules of civil procedure or the court orders to file a complaint with a clear statement of her client's claims. The renewed motion to dismiss was set for hearing.

16. On August 12, 1998, the court granted the motion to compel arbitration and ordered the parties to proceed to arbitration.

17. The parties proceeded with arbitration in front of the Judicial Arbiter Group ("JAG"). In September 1998, respondent Ain filed a statement of claims with JAG. The parties thereafter engaged in a series of discovery disputes, with no resolution.

18. Ms. Brown consistently sent respondent Ain e-mails during the course of representation. Respondent Ain, however rarely responded, in violation of Colo. RPC 1.4(a). Respondent Ain consistently failed to return Ms. Brown's telephone calls in violation of Colo. RPC 1.4(a), and missed a number of scheduled meetings, in violation of Colo. RPC 1.3 and 1.4(a). On the rare occasion that Ms. Brown was able to speak with the respondent, respondent Ain assured Ms. Brown that she was working on the case; however, respondent Ain did not adequately proceed with the arbitration, in violation of Colo. RPC 1.3 and Colo. RPC 3.2. The respondent's assurances that she was working on the case were not accurate during this time period as the respondent knowingly failed to disclose her knowing failures to adequately work on this client's matter in violation of Colo. RPC 8.4(c).

19. On or about April 13, 1999, respondent Ain withdrew as Ms. Brown's attorney "due to her client's dissatisfaction." Respondent Ain has not returned a large part of complainant Brown's file despite repeated requests from her client, in violation of Colo. RPC 1.16(d).

20. The respondent engaged in a knowing pattern and practice of failing to act with reasonable diligence and promptness in representing her client and of neglecting a legal matter entrusted to her by failing to specify claims for relief from May 1997 and up to and including September 1998; failing to re-

spond to opposing counsel's request that she set forth her client's claims for relief; failing to respond to discovery in a timely fashion; failing to comply with the court's March 1998 order; missing scheduled meetings; and failing to promptly and adequately and timely proceed with her client's case from May 1997 until the time she withdrew in April 1999. This conduct violated Colo. RPC 1.3 (failure to act with reasonable diligence and neglect of a legal matter).

21. The respondent failed to keep her client reasonably informed about the status of her matter and failed to comply promptly with reasonable request for information by failing to respond to the client's telephone calls and e-mails as well as missing scheduled meetings with the client. This conduct constitutes a violation of Colo. RPC 1.4(a) (failure to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information).

22. The respondent failed to return client papers upon request. This conduct constitutes a violation of Colo. RPC 1.16(d) (failure to return client papers upon request).

23. The respondent failed to make reasonable efforts to expedite the client's litigation consistent with the interests of the client. This conduct violated Colo. RPC 3.2 (failure to expedite litigation).

24. The respondent knowingly disobeyed a court order which created an obligation for her to take action, in violation of Colo. RPC 3.4(c) (knowingly disobeying an obligation under the rule of a tribunal).

25. The respondent knowingly misrepresented the status of the matter to her client when she informed her client that she was adequately proceeding on the client's case, in violation of Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).

WHEREFORE, complainant prays at the conclusion hereof.

## CLAIM II (THE BAKER MATTER)

(Competence–Colo. RPC 1.1; Failure to Act with Reasonable Diligence and Promptness in Representing a Client and Neglect of a Legal–Matter Colo. RPC 1.3; Failure to Keep a Client Reasonably Informed About the Status of a Matter and Failing to Promptly Comply with Reasonable Request for Information–Colo. RPC 1.4(a); Commingling and Negligent Conversion–Colo. RPC 1.15(a) and (c); Failure to Return the Client File Upon Request–Colo. RPC 1.16(d); Failure to Make Reasonable Efforts to Expedite Litigation Consistent with the Interests of a Client–Colo. RPC 3.2; Knowingly Making a False Statement of Fact to a Tribunal–Colo. RPC 3.3(a)(1); Failure to Comply with Court Orders Resulting in Contempt–Colo. RPC 3.4(c); and Engaging in Conduct Involving Dishonesty, Fraud, Deceit or Misrepresentation–Colo. RPC 8.4(c))

26. On or about August 27, 1996, Dr. Robert Baker and his wife retained the respondent to represent them in a dispute over an automobile service contract with the Chrysler Corporation. An attorney-client relationship was formed. The respondent advised the Bakers that their claim was subject to a four year statute of limitations. This information was incorrect and violates Colo. RPC 1.1.

27. In April 1997, the respondent sent Dr. Baker a contingent fee agreement, which was signed on April 14, 1997. In addition, the Bakers paid a $500 cost retainer, which the respondent deposited into her operating account. This retainer should have been placed into the respondent's trust account, and her failure to keep her client's money separate from her money violates Colo. RPC 1.15(a) and 1.15(c).

28. Dr. Baker routinely attempted to communicate with the respondent by telephone calls and facsimile transmissions, but the respondent failed to respond to these requests for information. This conduct constitutes a violation of Colo. RPC 1.4(a).

29. In September 1997, Dr. Baker faxed respondent Ain a letter stating that he was uncomfortable with her efforts and was not clear on her use of the $500 retainer. He additionally expressed concern that the statute of limitations on the claim would soon expire because the car was almost four years old. Dr. Baker faxed another request in October, 1997. Respondent Ain failed to respond to either fax. This conduct continues the respondent's violation of Colo. RPC 1.4(a).

30. On or about October 15, 1997, respondent Ain filed a complaint and jury demand with the Clerk of the Summit County Combined Court naming The Chrysler Corporation and the local dealership as defendants. The statute of limitations on this claim had already elapsed one year prior. The respondent's conduct in filing this claim in late fashion violates Colo. RPC 1.1 and 1.3.

31. The $191 check written on respondent Ain's business account failed to clear the bank. Sometime between April 1997 and October 15, 1997 the respondent had negligently converted at least a portion of the Baker's retainer, in violation of Colo. RPC 1.15(a).

32. The Clerk told respondent Ain that the complaint filing was then null and void. The clerk put the check through the bank a second time, but it again bounced. The clerk deleted the case from their system and assessed respondent Ain $40 in overdraft fees. Finally, on October 31, 1997, respondent Ain sent a sufficient funds check and the clerk filed the case. This conduct constitutes lack of diligence and promptness in representing a client and neglect of a legal matter, in violation of Colo. RPC 1.3.

33. On November 24, 1997, Hickey Motors, the dealership, filed its answer. On November 26, 1997, Chrysler Corporation sent respondent Ain a letter containing three settlement options. Dr. Baker rejected the offer; however, respondent Ain never informed The Chrysler Corporation of the client's rejection of their offer. The respondent's failure to inform the Chrysler Corporation of Dr. Baker's rejection constitutes

neglect of a legal matter in violation of Colo. RPC 1.3.

34. On January 23, 1998, counsel for Chrysler wrote to respondent Ain stating that the statute of limitations was three years from the date of delivery in December 1993 and, therefore, the statute had lapsed in December 1996. The Chrysler Corporation later filed its answer and asserted that the statute of limitations had expired.

35. On about February 2, 1998, respondent Ain sent a $20 check to the Clerk of Summit Combined Court to cover the bounced check fee. That check was returned by the bank due to insufficient funds.

36. On February 9, 1998, The Chrysler Corporation filed an amended answer stating that Dr. and Mrs. Baker's claims were also limited by the terms of the limited express warranty.

37. On July 22, 1998, Chrysler's counsel sent respondent Ain a detailed letter regarding specific deficiencies in the Baker case and requesting that the case be dismissed with prejudice. Respondent Ain did not respond to the letter. Chrysler had repeatedly written to respondent Ain and served discovery requesting that she produce the vehicle for inspection. She failed to respond to the discovery requests and failed to produce the vehicle. Accordingly, the case was delayed. This conduct constitutes a failure to act with reasonable diligence and promptness and neglect of a legal matter in violation of Colo. RPC 1.3, as well as a failure to expedite litigation consistent with the interests of the client, in violation of Colo. RPC. 3.2.

38. The respondent additionally failed to adequately communicate with the Bakers from December, 1997 until and including August, 1998. This conduct continues the violation of Colo. RPC 1.4(a).

39. In August 1998, the respondent wrote to Dr. Baker stating that he should find another lawyer due to numerous problems in his case. The respondent did not notify Dr. Baker that some or all of these problems may have been caused by her incompetence, neglect or failure to adequately communicate with him. This constitutes another instance of the respondent's continuing pattern of ne-

glect and failure to communicate with her client, in violation of Colo. RPC 1.3 and Colo. RPC 1.4(a). Nevertheless, the respondent did not withdraw from the case, and remained counsel of record on behalf of Mr. Baker.

40. On November 2, 1998, the defendants filed a motion for partial summary judgment on two claims for relief. They also filed a motion for extension of time to file for summary judgment on the other claims for relief. The defendants asserted that they could not move on the two claims because the subject vehicle had not been produced for inspection despite written requests to the respondent and a formal discovery request. The court granted the extension. Finally, respondent Ain coordinated the inspection of the vehicle.

41. On December 2, 1998, the defendants filed a second motion for partial summary judgment on the remaining claims. Respondent Ain did not forward copies of either summary judgment motion to Dr. or Mrs. Baker. This conduct constitutes failure to adequately communicate with the clients in continuing violation of Colo. RPC 1.4(a).

42. On December 22, 1998, the respondent filed a motion for additional time in which to respond to both summary judgment motions. The respondent failed to notify defense counsel prior to filing the motions in accordance with C.R.C.P. 121, § 1–15 and failed to send defense counsel a copy of the motion. The court did not grant an extension of time on the first motion, but granted an extension of time on the second motion. The respondent's failure to consult with counsel prior to filing the motion and failure to send a copy of the motion to opposing counsel constitutes neglect of a legal matter and therefore a violation of Colo. RPC 1.3.

43. On January 4, 1999, the court granted the first motion for partial summary judgment on two claims for relief, ruling that the disclaimer contained in the contract of sale conspicuously stated that vehicles were subject to the manufacturer's new vehicle warranty only, and that the manufacturer's new vehicle warranty was expressly made in lieu of any other warranty, expressed or implied.

The judge ruled that the disclaimer argument effectively defeated these two claims belonging to Dr. and Mrs. Baker and therefore made it unnecessary to look at the statute of limitations argument.

44. On January 7, 1999, respondent Ain filed a motion for leave to respond to defendants' summary judgment motion out of time stating that she had not received an executed affidavit Dr. or Mrs. Baker in enough time to file her response when due. However, respondent Ain never consulted Dr. or Mrs. Baker with regard to the affidavit. The respondent's false statement to the court was a material fact. The respondent's failure to consult with her client constitutes a continuing violation of Colo. RPC 1.4(a). The respondent's knowing misrepresentation to the court on this material fact constitutes a violation of Colo. RPC 3.3(a)(1) and Colo. RPC 8.4(c).

45. The respondent failed to initiate the preparation of a trial management order and failed to file jury instructions before the trial that was set for February 1, 1999. This conduct constitutes neglect of a legal matter in violation of Colo. RPC 1.3. As a result, the court continued the trial date.

46. The respondent subsequently wrote to her clients and knowingly misrepresented the status of the case, stating that the court continued the trial date due to unspecified pending motions. The respondent thus engaged in conduct involving dishonesty, fraud, deceit or misrepresentation to her client for her own selfish motive when she knowingly provided this false information to her clients, in violation of Colo. RPC 8.4(c).

47. On January 11, 1999, respondent Ain filed a response brief to the motion for summary judgment, to which she attached an unsigned affidavit from Dr. Baker (which he had never reviewed). The respondent's failure to have her client review and sign the affidavit prior to filing the same constitutes neglect of a legal matter in violation of Colo. RPC 1.3, failure to adequately communicate with a client in violation of Colo. RPC 1.4(a), and a continuing misrepresentation that she had sent the client this affidavit and was awaiting client action in returning said affida-

vit, in violation of 3.3(a)(1) and Colo. RPC 8.4(c).

48. On January 23, 1999, respondent Ain wrote to complainant Baker, requesting the names of potential witnesses to testify to the vehicle's lack of an all-wheel drive in reverse. Accordingly, respondent Ain had never interviewed certain essential witnesses. At that point, she had been retained since August 1996 and the case had been filed since October 1997. This conduct constitutes respondent's continuing pattern and practice of knowing neglect of a legal matter in violation of Colo. RPC 1.3.

49. On February 6, 1999, complainant Baker wrote respondent Ain a long letter expressing his displeasure with her and requesting that she finish the case. Dr. Baker did not know that partial summary judgment had already been granted. The respondent's continuing knowing failure to notify her clients of this judgment constitutes a continuing violation of Colo. RPC 1.4(a) and 8.4(c).

50. On February 7, 1999, the court granted the defendants' second motion for summary judgment, ruling that the plaintiff had failed to meet his burden of proof. The defendants later filed a motion for judgment dismissing complaint with prejudice and a motion for attorney fees on the grounds that the plaintiff's complaint lacked substantial justification. The defendants set forth respondent Ain's failure to respond to a number of motions, to obtain an expert opinion, and to prepare the matter for trial as further grounds for attorney fees. The defendants sought to recover the amount of $11,438.60 in attorney fees and $215.27 in costs.

51. Respondent Ain failed to respond to the motions for judgment and for attorney fees. Again, she did not communicate with Dr. and Mrs. Baker. This conduct violates Colo. RPC 1.3, Colo. RPC 1.4(a) and Colo. RPC 8.4(c).

52. On March 17, 1999, the court granted the defendants' motions and dismissed the case with prejudice, and entered judgment jointly and severally for attorney's fees and costs against Dr. and Mrs. Baker and respondent Ain for $11,438.60 in attorney fees and $215.27 in costs. Respondent Ain did not contact Dr. and Mrs. Baker to inform them of this judgment against them; this conduct violates Colo. RPC 1.4(a). Accordingly, they had no idea that summary judgment and attorneys fees and costs had been entered against them, despite the fact that Dr. Baker had made repeated requests that the respondent settle the case and update him on the status.

53. On March 30, 1999, respondent Ain filed a motion for leave to file a motion for reconsideration of the order dismissing the case and awarding attorney fees. The respondent did not notify her client of the motion or of the need for such motion, in continuing violation of Colo. RPC 1.4(a).

54. On May 27, 1999, Dr. Baker wrote to respondent Ain stating, "I assume that the Chrysler suit has been settled as I requested. I would like to be so notified." He sent additional requests for information in June and July. The respondent failed to respond in continuing violation of Colo. RPC 1.4(a).

55. On July 27, 1999, the court denied respondent Ain's motion for leave to file a motion for reconsideration.

56. On July 29, 1999, Dr. Baker faxed a note to respondent Ain stating that he would be in Denver on August 2 and wanted her to make his file available to him. Respondent Ain faxed a note back to complainant Baker stating that she would send his file later that week via federal express. She did not send the client file. This conduct constitutes neglect of a legal matter in violation of Colo. RPC 1.3 (as her services had not been terminated in the request for a copy of the file).

57. On August 23 and September 8, 1999, the attorney for Chrysler wrote to respondent Ain asking if she still represented complainant Baker. Respondent Ain did not respond to the attorney for Chrysler, nor did she attempt to discuss this issue with the Bakers. This conduct constitutes neglect of a legal matter in violation of Colo. RPC 1.3, and continuing failure to communicate in violation of Colo. RPC 1.4(a).

58. On October 8, 1999, counsel for Chrysler sent a letter directly to Dr. Baker due to respondent Ain's failure to respond. Enclosed with the letter was a copy of the judgment against Dr. Baker, from which Dr.

Baker first learned of the judgment. After Dr. Baker received the letter, he unsuccessfully attempted to contact respondent Ain. The respondent's failure to respond constitutes a violation of Colo. RPC 1.4(a). The respondent's continuing and knowing failure to notify her client of the judgment up to and including the time that opposing counsel notified the client also constitutes a continuing violation of Colo. RPC 1.4(a) and 8.4(c).

59. On October 15, 1999, Dr. Baker sent a letter to counsel for Chrysler stating that the judgment was "a total surprise and shock for me." Also on October 15, 1999, Dr. Baker sent a letter to respondent Ain dismissing her from representing him and again requesting his file. The respondent again failed to return Dr. and Mrs. Baker's file, in violation of Colo. RPC 1.16(d).

60. On December 12, 1999, respondent Ain was served with a personal subpoena pursuant to C.R.C.P. 69 requiring her to answer financial questions on December 30, 1999. Respondent Ain failed to appear at the Rule 69 deposition. The magistrate issued an order directing respondent Ain to appear on January 21, 2000. She again failed to appear. The court issued a contempt citation and entered a judgment against respondent Ain for attorney fees and costs in the total amount of $506.70 for her failure to appear. This conduct violates Colo. RPC 1.3 and 3.4(c) as she neglected to file an answer, and neglected to appear at her deposition, and knowingly disobeyed a court order which created an obligation that she appear.

61. On February 8, 2000, Dr. Baker paid Chrysler $5,584.80 and Hickey $242.16 in settlement of his judgment in the case. In his letter to counsel, Dr. Baker stated that he was no longer represented by respondent Ain and that the settlement in no way affected the judgments against her.

62. The respondent provided incompetent advice to her client, in violation of Colo. RPC 1.1; engaged in numerous acts of a continuing pattern and practice of knowing neglect and failure to communicate with her client in violation of Colo. RPC 1.3 and Colo. RPC 1.4(a); failed to hold the property of her client separate from her own property in and

negligently converted the same to her own use violation of Colo. RPC 1.15(a) and 1.15(c); failed to return the client file upon request in violation of Colo. RPC 1.16(d); failed to make reasonable efforts to expedite litigation consistent with the interest of her client in violation of Colo. RPC 3.2; knowingly made false statement of material fact to the tribunal, in violation of Colo. RPC 3.3(a)(1); knowingly disobeyed court orders which created obligations on her part in violation of Colo. RPC 3.4(c); and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation to both her client and the court in violation of Colo. RPC 8.4(c).

63. The respondent has failed to satisfy the judgments against her to date. The respondent has failed to mitigate Dr. and Mrs. Baker's injury by compensating them for the payments made on the judgment by them.

WHEREFORE, complainant prays at the conclusion hereof.

### CLAIM III (THE PAGE MATTER)

(Competence–Colo. RPC 1.1; Failure to Act with Reasonable Diligence and Promptness in Representing a Client and Neglect of a Legal Matter Resulting in Abandonment of That Client–Colo. RPC 1.3; Failure to Keep a Client Reasonably Informed About the Status of the Matter and Failing to Promptly Comply with Reasonable Requests for Information–Colo. RPC 1.4(a); Failure to Account and/or Refund Fees that had Not Been Earned Colo. RPC 1.15(b); Failure to Expedite Litigation–Colo. RPC 3.2; Engaging in Conduct Involving Dishonesty, Fraud, Deceit or Misrepresentation by Knowingly Converting Client Money–Colo. RPC 8.4(c); Failure to Respond to Requests for Information from the Disciplinary Authority–Colo. RPC 8.1(b); and Failure to Respond Without Good Cause Shown to Request by the Regulation Counsel–C.R.C.P. 251.5(d))

64. In late 1998, Nancy Page and her son Case Densmore hired the respondent to rep-

resent Case Densmore in a potential dissolution of marriage matter. An attorney-client relationship with Mr. Densmore was thus formed.

65. At the beginning of 1999, Mr. Densmore and his mother met Mr. Densmore's wife and her mother at the respondent's home to attempt to enter into a dissolution and property settlement agreement.

66. The respondent represented to the parties that the dissolution process would take only 45 days due to the short duration of the marriage. This legal advice was incorrect, and the respondent's rendering of such advice was incompetence in violation of Colo. RPC 1.1. Case Densmore gave the respondent a $500 retainer at that time.

67. Case Densmore had been despondent about the deterioration of the marriage and had attempted suicide in December 1998. The respondent was aware of Mr. Densmore's psychological condition at all times during her representation of Mr. Densmore. Mr. Densmore was heavily medicated in January 1999.

68. The respondent failed to file the dissolution of marriage petition with the court and failed to take any other action on behalf of Mr. Densmore in this case. This conduct constitutes a failure to act with reasonable diligence and neglect of a legal matter in violation of Colo. RPC 1.3.

69. During the summer of 1999, Mr. Densmore's psychological condition continued to deteriorate. Mr. Densmore's frustration with not being divorced increased. Mr. Densmore attempted on numerous occasions to contact the respondent by telephone. The respondent failed to return Mr. Densmore's telephone calls and messages left on her answering machine. Thus the respondent failed to keep her client reasonably informed about the status of his matter and failed to promptly comply with reasonable requests for information in violation of Colo. RPC 1.4(a).

70. As a result of Mr. Densmore's deteriorating psychological condition, his mother also attempted to contact the respondent on numerous occasions and only received the respondent's answering machine. Mrs. Page explained the dire circumstances facing her son and again requested that the respondent let Mr. Densmore know the status of the divorce. The respondent failed to return Mrs. Page's telephone messages or to call Mr. Densmore, again in violation of Colo. RPC 1.4(a).

71. At some point during the late summer, Nancy Page called the respondent and the respondent answered the telephone. The respondent stated that she had been out of town and promised that she would check on the status of the case and call Mrs. Page back immediately. The respondent failed to return the call. This conduct violates Colo. RPC 1.4(a). The respondent knew at this time that the petition had not been filed, and her knowing failure to notify Mrs. Page or Mr. Densmore that the case had not yet been filed, despite implications to the contrary, constitutes a violation of Colo. RPC 8.4(c).

72. On September 13, 1999, Nancy Page called the Jefferson County District Court and learned for the first time that the petition for dissolution had not been filed. As the young couple had also lived for a short time in Adams County, Mrs. Page also called the Adams County District Court and was told that no petition had been filed with that court. The respondent's continuing failure to file a petition for dissolution through September 1999 constitutes a knowing failure to act with reasonable diligence and neglect of a legal matter in continuing violation of Colo. RPC 1.3 and failure to make reasonable efforts to expedite litigation consistent with the client's interests in violation of Colo. RPC 3.2.

73. On September 20, 1999, Mrs. Page contacted the Office of Attorney Regulation Counsel. Investigator Janet Jacobs attempted to contact the respondent on September 21, 28 and 30, 1999. The respondent failed to return Ms. Jacob's messages. This conduct violates Colo. RPC 8.1(b) by failing to respond to requests for information from a disciplinary authority as well as a violation of C.R.C.P. 251.5(d) for failing to respond without good cause shown to reasonable requests made by the Regulation Counsel.

74. Subsequently, after the attempts by the Office of Attorney Regulation Counsel to contact the respondent, the respondent and Case Densmore spoke. The respondent expressed extreme displeasure at the filing of a request for investigation against her and stated that she would no longer represent Case Densmore. The respondent stated that she would place Mr. Densmore's client file in an envelope on her porch to be picked up.

75. Mr. Densmore asked the respondent for an accounting and refund of his money. The respondent insisted that she had filed the petition and earned the money, despite the fact that the petition had never been filed and that there was no evidence that the respondent had taken any action on behalf of Case Densmore to date. This conduct violates Colo. RPC 1.15(b) for failure to account and/or refund fees that had not been earned, as well as Colo. RPC 8.4(c) by knowingly misrepresenting that she had filed the petition for dissolution and Colo. RPC 8.4(c) by misrepresenting that she had earned the fee when in fact the respondent had knowingly converted said $500 to her own use without having earned it.

76. On October 11, 1999, the respondent sent an unsigned copy of the property separation agreement and a draft of a decree of dissolution of marriage to Case Densmore by mail. The respondent sent a letter as well, wherein she stated the following:

....Last week, I attempted to check on the status of this matter. Although I thought the papers were filed, my files reflect that neither you nor Shelly forwarded the additional papers enclosed in this envelope. Accordingly, although I arranged for the papers to be filed that I had, you will need to complete the enclosed papers and forward them to your attorney for review and filing....

The respondent had previously failed to provide any papers to either Case Densmore or his wife Shelly and thus once again knowingly misrepresented the status of the case to this client in an attempt to hide her serious neglect, in violation of Colo. RPC 8.4(c).

77. Nancy Page thereafter hired a new attorney for her son.

78. In December 1999 Case Densmore spoke with his counselor. The counselor has since related to Nancy Page that the main thing Case Densmore spoke about in their December 1999 session was his frustration at the inability to resolve his marital situation.

79. On January 4, 2000 Case Densmore committed suicide.

80. The respondent's conduct in this case constituted a continuing pattern and practice of knowing neglect of a legal matter, in violation of Colo. RPC 1.3; and a continuing pattern and practice of knowing failure to adequately communicate with her client in violation of Colo. RPC 1.4(a). The totality of the respondent's knowing failures constitutes abandonment of this client. In addition the respondent's conduct also established a failure to account for, or return client funds upon request, in violation of Colo. RPC 1.15(b); failure to expedite litigation consistent with the interest of the client, in violation of Colo. RPC 3.2; conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Colo. RPC 8.4(c); knowing conversion of client funds, in violation of Colo. RPC 8.4(c); and failure to cooperate with disciplinary authorities in violation of Colo. RPC 8.1(b) and C.R.C.P. 251.5(d).

WHEREFORE, complainant prays at the conclusion hereof.

### CLAIM IV (THE CRUMPTON MATTER)

(Failure to Act with Reasonable Diligence and Promptness in Representing a Client and Neglect of a Legal Matter Resulting in Abandonment of that Client–Colo. RPC 1.3; Failure to Keep a Client Reasonably Informed About the Status of the Matter and Failing to Promptly Comply with Reasonable Request for Information–Colo. RPC 1.4(a); Soliciting Professional Employment From a Client for Pecuniary Gain–Colo. RPC 7.3(a); and Engaging in Conduct Involving Dishonesty, Fraud, Deceit or Misrepresentation–Colo. RPC 8.4(c))

81. In November 1999, respondent Ain contacted Kenny Crumpton, an inmate at the

Department of Corrections in Canon City, Colorado through the case manager's office. Respondent Ain solicited Mr. Crumpton as a client stating that she could represent him in a post-conviction challenge at a reduced rate. The respondent had no family or prior professional relationship with Mr. Crumpton and made the solicitation significantly for her own pecuniary gain. This conduct violates Colo. RPC 7.3(a).

82. Mr. Crumpton told respondent Ain that he was interested in retaining her. Respondent Ain sent Mr. Crumpton a fee agreement which provided for an initial retainer of $600 to be applied at an hourly fee of $50.

83. In December 1999, Mr. Crumpton executed the agreement, and sent the agreement along with a $600 check and several hundred pages of court transcripts, to respondent Ain. An attorney-client relationship with Mr. Crumpton was thus formed.

84. Approximately two weeks later, a third party told Mr. Crumpton that respondent Ain's law license was under suspension. This information was incorrect, but Mr. Crumpton relied upon it and immediately attempted to contact respondent Ain. Respondent Ain told Mr. Crumpton that the information he received was incorrect and that he should disregard it.

85. Thereafter, Mr. Crumpton attempted to contact the respondent on at least eleven occasions without success. Eventually, Mr. Crumpton received a recording stating that the respondent's telephone had been disconnected. The respondent's failure to respond to her client's reasonable requests and her failure to otherwise communicate her change of telephone number and/or other change of status to her client violates Colo. RPC 1.4(a).

86. Mr. Crumpton wrote to the respondent by certified letter asking that she get in touch with him. He stated that if she did not contact him by February 2, 2000, he would have no alternative but to file a grievance against her. The certified mail receipt was signed by an agent of the respondent's on January 12, 2000. The respondent failed to contact Mr. Crumpton. This constitutes a continued violation of Colo. RPC 1.4(a).

87. The respondent took Mr. Crumpton's retainer, knowingly performed no work on his behalf, failed to communicate with him and abandoned him and his case, in violation of Colo. RPC 1.3 and 1.4(a). Furthermore, the respondent knowingly converted Mr. Crumpton's money to her own use in violation of Colo. RPC 8.4(c).

88. Mr. Crumpton has not heard from the respondent to date.

89. The respondent engaged in a continuing pattern and practice of failing to act with reasonable diligence and of neglecting her client's legal matter, in violation of Colo. RPC 1.3; failed to keep the client reasonably informed about the status of his legal matter and failed to promptly comply with his reasonable requests for information, in violation of Colo. RPC 1.4(a). The totality of the respondent's knowing failures constitutes abandonment of this client. Furthermore, the respondent failed to expedite her client's litigation, in violation of Colo. RPC 3.2; solicited Mr. Crumpton for professional legal services for her own pecuniary gain in violation of Colo. RPC 7.3(a); and knowingly converted Mr. Crumpton's $600 retainer to her own personal use, in violation of Colo. RPC 8.4(c).

WHEREFORE, it is prayed that the respondent be found guilty of violations of various rules of conduct which establish grounds for discipline as provided in C.R.C.P. 251.5, and the Colorado Rules of Professional Conduct and that she be appropriately disciplined and assessed the costs of these proceedings.

JAMES C. COYLE, # 14970
Assistant Regulation Counsel
JOHN S. GLEASON, # 15011
Regulation Counsel
Attorneys for Complainant